# TUSA P.C.
### ATTORNEYS AND COUNSELORS AT LAW
www.tpcnylaw.com

Southold
New York City

**Joseph S. Tusa**
Attorney at Law
joseph.tusapc@gmail.com

February 13, 2020

**BY ECF FILING**

Honorable Douglas C. Palmer
Clerk of Court
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  *Cymbalista v. JPMorgan Chase Bank, N.A.*, EDNY Case No. 20-cv-456-RPK-SMG

Dear Clerk of the Court:

    We represent the Plaintiff in this putative class action and write pursuant to Local Rule 1.6 and Guideline 50.3.1 of the Guidelines for the Division of Business Among District Judges to designate the above-related case as related to actions pending before Chief Judge Roslynn R. Mauskopf, styled:  (i) *Hymes v. Bank of America, N.A.*, EDNY Case No. 18-cv-2352-RRM-ARL; and (ii) *Cantero v. Bank of America, N.A.*, EDNY Case No. 18-cv-4157-RRM-ARL.[1] Plaintiff's action has been assigned to Judge Rachel P. Kovner.

    Plaintiff's counsel has conferred with counsel for defendant JPMorgan Chase Bank, N.A. ("JPMCB") prior to filing this application. JPMCB opposes Plaintiff's Local Rule 50.3.1 application.

    An action should be designated as related to another civil action "when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."  Guideline 50.3.1(a).  Such is the case here.  While the identity of legal issues alone will not alone determine relatedness, *id*. at 50.3.1(b), it is a factor to be considered.  Here, in addition to identity of legal issues, a substantial savings of judicial resources will be gained by relating the *Cymbalista* action to the *Hymes* and *Cantero* actions.

    All three cases involve the same legal question, namely whether a national bank must pay interest mortgage loan escrow accounts, as required by New York General Obligations Law §5-601 and laws of thirteen other states.  The defendant banks' obligation to pay interest according to those state laws is further required by the borrowers' mortgage agreements, which require

---

1    The *Cantero* action was designated as related to the *Hymes* action and transferred to Chief Judge Mauskopf.  *See Cantero* Dkt. 9 and 9/6/10 Order Reassigning Case.

T P C

Tusa P.C.

CLERK OF THE COURT
February 13, 2020
Page 2

adherence to the state laws where the subject real estate is located. Similar cases have been litigated in the Ninth Circuit and New York federal courts. In the Ninth Circuit cases, the banks' primary defense has been that the state escrow interest laws are preempted by federal banking laws and regulations. Those plaintiff borrowers have successfully opposed preemption. *See e.g.*, *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185 (9th Cir. 2018), *rehearing and rehearing en banc denied* 2018 U.S. App. LEXIS 12745 (May 16, 2018), *cert. denied* 139 S. Ct. 567 (2018); *McShannock v. JP Morgan Chase Bank N.A.*, 354 F. Supp. 3d 1063 (N.D. Cal. 2018) (appeal pending). Thus far, one court has certified a class under Fed. R. Civ. P. 23. *Kivett v. Flagstar Bank, FSB*, N.D. Cal. Case No. 18-cv-5131(WHA), Dkt. 120 (N.D. Cal. Nov. 20, 2019).

Within the Second Circuit district courts, Chief Judge Mauskopf has rendered the only decision addressing the sufficiency of the legal claims and preemption defenses in the escrow interest cases. That decision was rendered in a combined decision resolving motions to dismiss in the *Hymes* and *Cantaro* actions. *Hymes v. Bank of America, N.A.*, 408 F. Supp. 3d 171 (E.D.N.Y. 2019).[2] That 46-page decision contained the Court's extensive research and analysis of the parties' respective positions on the history and purpose of the federal banking laws, regulations and positions taken by the Office of the Comptroller of the Currency and other federal banking agencies and state escrow interest laws. JPMCB has indicated that it likewise intends to file a motion to dismiss the *Cymbalista* action, likely raising many of these same issues already considered and resolved by Chief Judge Mauskopf. It would be wasteful and inefficient to require Judge Kovner to repeat that effort. This case will likely also present many of the same relevant facts, such as the fact that the plaintiffs in *Cymbalista* and *Hymes* each initiated their mortgage loans using a *New York – Single Family – Fannie Mae / Freddie Mac UNIFORM INSTRUMENT*, which contains a contractual provision to apply state law. *Compare* Dkt. 1 (Cymbalista *Class Action Complaint*) at ¶14 *with Hymes* Dkt. 19-4.

Plaintiff respectfully requests that based on the identify of legal and factual issues and substantial savings of judicial resources, that the *Cymbalista* action be designated as related to the *Hymes* and *Cantero* actions.

Respectfully yours,

*Joseph S. Tusa*

Joseph S. Tusa

Oren Giskan
GISKAN SOLOTAROFF & ANDERSON LLP

cc: Honorable Rachel P. Kovner (by ECF filing)
Counsel for JPMCB (by ECF filing)

---

2   Motions to certify the *Hymes* decision for interlocutory appeal have been filed by Bank of America, N.A. and remain pending.