# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into on this 9th day of April, 2021, by and among (1) Plaintiffs (as defined below), individually and on behalf of the Settlement Class (as defined below); and Chase (as defined below), subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. As provided herein, Plaintiffs, Settlement Class Counsel (as defined below), and Chase hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon the occurrence of the Effective Date (as defined herein), all claims of the Participating Settlement Class Members against Chase in the action titled *Cymbalista v. JPMorgan Chase Bank, N.A.*, Case No. 2:20-cv-00456 (E.D.N.Y.) (the "Action" or "Lawsuit"), shall be settled and compromised upon the terms and conditions contained herein.

## I.     Recitals

WHEREAS, on January 27, 2020, Rachel Cymbalista and Ariel Cymbalista ("Plaintiffs") filed a putative class action complaint in the United States District Court for the Eastern District of New York (the "Court"), alleging that JPMorgan Chase Bank, N.A. ("Chase") violated state statutes and contract terms allegedly requiring mortgage lenders to pay borrowers interest on money held in escrow accounts under state law and the terms of mortgage agreements, bringing claims for breach of contract, unjust enrichment, and violations of New York General Obligation Law § 5-601 and similar statutes from other states and of New York General Business Law § 349 and similar statutes from other states, on behalf of themselves, a putative multi-state class (of mortgage borrowers in Connecticut, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New York, Oregon, Rhode Island, Utah, Vermont, Wisconsin, and contingent claims in California), and a putative New York subclass;

WHEREAS, in connection with this Settlement, on or about April 9, 2021, Plaintiffs will file a First Amended Class Action Complaint alleging that Chase violated state statutes and contract terms requiring mortgage lenders to pay borrowers interest on money held in escrow accounts under state law and the terms of mortgage agreements, bringing claims for breach of contract, unjust enrichment, and violations of New York General Obligation Law § 5-601 and similar statutes in Connecticut, Maryland, Minnesota, Rhode Island, and Wisconsin, and of New York General Business Law § 349 and similar statutes in Connecticut, Maryland, Minnesota, Rhode Island, and Wisconsin, on behalf of themselves, a putative multi-state class (of mortgage borrowers in Connecticut, Maryland, Minnesota, New York, Rhode Island, and Wisconsin), and a putative New York subclass;

WHEREAS, Chase denies that it has engaged in any wrongdoing and denies that Plaintiffs are entitled to relief under any claims asserted in this Action;

WHEREAS, on June 3, 2020, Chase moved to dismiss the class action complaint for failure to state a claim asserting, among other things, that Plaintiffs' causes of action were all preempted by federal law, and whereas Plaintiffs opposed that motion;

WHEREAS, Plaintiffs and Chase (together, the "Parties") and their respective counsel participated in a full-day mediation in December 2020 with Hon. Elizabeth D. Laporte (Ret.)

and, after extensive arms-length negotiations, Plaintiffs and Chase have reached agreement on terms to settle the Action on behalf of members of a Settlement Class, defined below, which Chase represents to include approximately 294,000 Settlement Class Members;

WHEREAS, the Parties now desire to resolve all claims that the members of a settlement class of putative class members from the States of Connecticut, Maryland, Minnesota, New York, Rhode Island, and Wisconsin asserted or could have been asserted in the Action relating to Chase's alleged failure to comply with state law and contract terms by not paying interest on funds held in certain mortgage escrow accounts;

WHEREAS, Settlement Class Counsel (as defined below) has conducted litigation, investigation, and discovery relating to the Lawsuit, has analyzed the legal issues in the case, and has engaged in motion practice in connection with the Lawsuit, and Settlement Class Counsel believes that the proposed settlement of the Lawsuit as set forth herein, is fair, reasonable, and adequate, and in the best interests of the putative Settlement Class and that this Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e);

WHEREAS, Chase is entering into this Settlement Agreement to avoid the costs and uncertainties of continued litigation of the Lawsuit, and Chase also believes that the Settlement Agreement is fair, reasonable, and adequate, and that the Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e);

WHEREAS, the Parties now agree to settle the Action as set forth in the First Amended Class Action Complaint in its entirety pursuant to the terms set forth in this Agreement, without any admission of liability, with respect to all Released Claims (as defined below) of the Settlement Class, and intend this Agreement to bind the Parties and all Settlement Class Members who do not timely request to be excluded from the Settlement (as defined below);

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree that the Action shall be fully and finally compromised, settled, released, and dismissed with prejudice, subject to the terms and conditions of this Agreement and subject to the occurrence of the Effective Date, as follows.

## II.   Definitions

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.    "Administrative Costs" means all fees paid to the Administrator for its services administering the Settlement and all out-of-pocket costs and third-party expenses of the Administrator that are associated with providing notice of the Settlement to the Settlement Class, administering and distributing the Cash Settlement Amount to the Settlement Class, or otherwise administering or carrying out the terms of the Settlement, including but not limited to postage and telecommunications costs.

2.    "Administrator" means KCC Class Action Services (subject to Court approval). Settlement Class Counsel and Chase may, by agreement, substitute a different organization as Administrator, subject to approval by the Court if the Court has

previously given Preliminary Approval. In the absence of agreement, either Settlement Class Counsel or Chase may move the Court to substitute a different organization as Administrator, upon a showing that the responsibilities of Administrator have not been adequately executed by the incumbent.

3.  "Agreement" means this Settlement Agreement and Release.

4.  "Calculation Advisor" means Arthur Olsen of Cassis Technology, LLC (subject to Court approval), who shall assist in calculating the Class Member Awards as set forth in Section XIII. The fees and costs of the Calculation Advisor shall be paid by Settlement Class Counsel, subject to reimbursement as part of Settlement Class Counsel's request for attorneys' fees and expenses.

5.  "Cash Settlement Amount" means the gross amount to be paid by Chase under the terms of Paragraph 47.

6.  "Chase" means JPMorgan Chase Bank, N.A.

7.  "Class Member Award" means an award to a Participating Settlement Class Member of funds from the Net Cash Settlement Amount.

8.  "Class Notices" means collectively the notices of proposed class action settlement (Exhibits C and D attached hereto) that the Parties will ask the Court to approve for transmission to the Settlement Class Members, which consists of (1) the Short Form Notice, which will be transmitted by email and / or first-class mail; and (2) the Long-Form Notice, which will be posted on the Settlement Website.

9.  "Class Period" means (i) the period beginning on January 1, 2010 and ending on the Execution Date for Settlement Class Members whose mortgage loan is secured by property in Rhode Island; (ii) beginning on January 1, 2014 and ending on the Execution Date for Settlement Class Members whose mortgage loan is secured by property in Connecticut, Minnesota, New York, or Wisconsin; and (iii) beginning on January 1, 2017 and ending on the Execution Date for Settlement Class Members whose mortgage loan is secured by property in Maryland.

10.  "Complaint" means the First Amended Class Action Complaint filed in the Action on or about April 9, 2021, which is the operative complaint in this Action.

11.  "Court" means the United States District Court for the Eastern District of New York.

12.  "Defendant" means JPMorgan Chase Bank, N.A.

13.  "Effective Date" means the next calendar day after all of the following events have occurred:

   a.  All Plaintiffs, Settlement Class Counsel, Chase, and counsel for Chase have executed this Agreement;

b.      The Court has entered without material change the Final Approval Order; and

c.      Either: (i) the time to appeal from the Court's Final Approval Order, including the Court's ruling on attorneys' fees and service awards, has expired and no appeal has been taken; or (ii) if a timely appeal of the Court's Final Approval Order is taken, the date on which the Final Approval Order and/or ruling on attorneys' fees and service awards are no longer subject to further direct appellate review and the final judgment (other than as to attorneys' fees, costs, or service award) has not been reversed in any way.

Notwithstanding the foregoing, the Effective Date shall not be earlier than thirty-five (35) calendar days after Final Approval.

14.     "Execution Date" means the latest date associated with a signature on a fully executed Agreement set forth on the signature page below.

15.     "Fee & Expense Award" means an award entered by the Court granting Settlement Class Counsel's motion for award of attorneys' fees and reimbursement of reasonable costs and expenses incurred in connection with this Action.

16.     "Final Approval" means the entry by the Court of the Final Approval Order.

17.     "Final Approval Hearing" means a hearing set by the Court for the purpose of determining the fairness, adequacy, and reasonableness of the Settlement and associated procedures and requirements.

18.     "Final Approval Order" means the order and judgment, in a form substantially the same as in the attached Exhibit B, which the Court enters finally approving this Settlement.  In the event that the Court issues separate orders addressing the matters constituting final settlement approval, then Final Approval Order includes all such orders.

19.     "Long-Form Notice" means the form of Class Notice to be posted on the Settlement Website that shall be substantially in the form attached hereto as Exhibit D.

20.     "National Change of Address Database" means the change of address database maintained by the United States Postal Service.

21.     "Net Cash Settlement Amount" means the Cash Settlement Amount, less the Service Awards, the Fee & Expense Award, and the Administrative Costs.

22.     "Notice Deadline" means the date by which the Administrator must complete the Notice Program, which shall be the date forty-five (45) calendar days after Preliminary Approval.

23.     "Notice Program" means the methods provided for in this Agreement for transmitting the Class Notices.

24. "Objection Deadline" means the date by which a Settlement Class Member must serve written objections to the Settlement, if any.  The Objection Deadline shall be forty-five (45) calendar days after the Notice Deadline, or on such other date as the Court may order.  The Objection Deadline will be specified in the Class Notices.

25. "Opt-Out Deadline" means the date by which a request to opt out must be filed or submitted in writing to the Administrator in order for a person who would otherwise fall within the Settlement Class to be excluded from the Settlement Class.  The Opt-Out Deadline shall be forty-five (45) calendar days after the Notice Deadline, or on such other date as the Court may order.  The Opt-Out Deadline will be specified in the Class Notices.

26. "Participating Settlement Class Member" means any Settlement Class Member except for Settlement Class Opt-Outs.

27. "Parties" means Plaintiffs and Chase, collectively.

28. "Party" means Plaintiffs or Chase, individually.

29. "Plaintiffs" mean Ariel Cymbalista and Rachel Cymbalista, collectively.

30. "Preliminary Approval" means the entry by the Court of the Preliminary Approval Order.

31. "Preliminary Approval Hearing" means any hearing held on the Preliminary Approval Motion.

32. "Preliminary Approval Motion" means the motion seeking Preliminary Approval.

33. "Preliminary Approval Order" means the Order approving the relief requested in the Preliminary Approval Motion, including the form and content of the Class Notices in a form substantially the same as in the attached Exhibit A.  The proposed Preliminary Approval Order that will be attached to the Preliminary Approval Motion shall be in a form agreed upon by Settlement Class Counsel and Chase, and shall be substantially in the form as that attached hereto as Exhibit A.  The Preliminary Approval Motion shall request that the Court approve the relief set forth in Exhibit A and Section V below.

34. "Releases" means all of the releases contained in Section XVI hereof.

35. "Released Claims" means all claims to be released as specified in Section XVI hereof.

36. "Released Parties" means those persons and entities released as specified in Section XVI hereof.

37. "Service Awards" means the amount awarded, if any, to the Plaintiffs upon application as described in Section XII of this Agreement.

38.  "Serviced by Chase," as used in the definition of the Settlement Class, means a mortgage loan for which Chase maintained an escrow account for the mortgagor(s) to pay, among other things, property taxes, school taxes, and/or hazard insurance premiums.

39.  "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement.

40.  "Settlement Class" means: All persons identified in Chase's mortgage-servicing records as holding a mortgage loan Serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period, would have been due interest on an escrow account maintained by Chase under the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin, but were not paid such interest.  Excluded from the Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Chase has or had a controlling interest.  Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her immediate family.  Not included in the Settlement Class are persons having the following types of loans excluded by the applicable laws in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin:

   a.  In Connecticut, loans securing non-owner-occupied properties.

   b.  In Maryland, loans that are not the first mortgage on the property.

   c.  In Minnesota, (i) loans originated after July 1, 1996; (ii) loans securing non-owner-occupied properties; (iii) loans where the original loan amount is above 80% of the original appraised value of the property; and (iv) loans insured or guaranteed by the Department of Veterans Affairs or the Federal Housing Administration.

   d.  In New York, (i) loans securing non-owner-occupied properties and (ii) loans originated before July 1, 1974.

   e.  In Rhode Island, (i) loans securing non-owner-occupied properties; and (ii) loans insured by the Federal Housing Administration or the Department of Veterans' Affairs.

   f.  In Wisconsin, (i) loans securing non-owner-occupied properties; (ii) loans insured by Federal Housing Administration or the Department of Veterans Affairs; and (iii) loans originated after January 1, 2019.

41.  "Settlement Class Counsel" and "Class Counsel" mean Tusa P.C.; Lieff Cabraser Heimann & Bernstein, LLP; and Giskan Solotaroff & Anderson LLP.

42.  "Settlement Class Member" means any person included in the Settlement Class.

43. "Settlement Class Opt-Outs" means the Settlement Class Members who have opted out of the Settlement, consistent with the terms of this Agreement.

44. "Settlement Fund Account" means an account held by an FDIC- or NCUA-insured financial institution and administered by the Administrator, into which Chase shall deposit the Cash Settlement Amount.

45. "Settlement Website" means the website at the URL www.interestonescrowsettlement.com, which shall be established by the Administrator as described in Section VI.

46. "Short Form Notice" means the form of Class Notice to be mailed or emailed to the Class Members that shall be substantially in the forms attached hereto as Exhibit C.

**III.   Settlement Consideration**

47. Cash Settlement Amount.  In consideration for the complete and final settlement of the Action, the Releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Chase shall pay a non-reversionary Cash Settlement Amount of Eleven Million Five Hundred Thousand Dollars ($11,500,000.00).  The Cash Settlement Amount encompasses all cash compensation to the Settlement Class, inclusive of the Fee & Expense Award; the Service Awards; and all Administrative Costs.  Unless agreed by the Parties and approved by the Court, under no circumstances shall Chase have any obligation to pay any amount above $11,500,000.00 in connection with the Settlement.

48. Prospective Relief.  In further consideration for the complete and final settlement of the Action, the Releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Chase agrees to pay interest on the escrow accounts of Settlement Class Members under the law of the applicable State for a three year period beginning within 10 calendar days of the date of Preliminary Approval, except that Chase can discontinue the prospective relief in any State if an appellate court of that State, the federal Court of Appeals encompassing that State, or the U.S. Supreme Court issues a decision establishing that federal banking law preempts state interest-on-escrow requirements.

**IV.   Filing of the First Amended Class Action Complaint**

49. Pursuant to Fed. R. Civ. P. 15(a), all Parties consent to providing leave to Plaintiffs to file a First Amended Class Action Complaint.  Plaintiffs will provide their proposed form of the First Amended Complaint to Chase for its review before filing.

50. The First Amended Class Action Complaint will remove claims pled in the original complaint arising from the common and statutory laws in California, Iowa, Massachusetts, Maine, New Hampshire, Oregon, Utah, and Vermont.  The claims arising from those state laws omitted from the First Amended Class Action Complaint will not qualify for any Settlement payments and will not be settled or released by this Settlement Agreement.

51. The definition of the Class in the First Amended Class Action Complaint shall be the same as the definition of "Settlement Class" defined in this Agreement.

## IV. Conditional Certification of the Settlement Class

52. For purposes of this Settlement only, Settlement Class Counsel shall move the Court in the Preliminary Approval Motion to certify the Settlement Class, as defined above, under Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure; to appoint Plaintiffs as the Settlement Class Representatives; and to appoint Settlement Class Counsel as counsel for the Settlement Class.

53. Chase agrees not to oppose certification of the Settlement Class, or the appointments of the Settlement Class Representatives and Settlement Class Counsel, for purposes of this Settlement only.

54. In the event that the Effective Date does not occur, any order certifying the Settlement Class for purposes of effectuating the Settlement and the terms of this Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Agreement and such findings had never been made, and the Action shall return to the procedural *status quo* in accordance with this paragraph. In addition, the Parties shall not be bound by this Agreement's definition of the Settlement Class; the Parties shall not be permitted to use the Settlement or this Agreement as evidence or otherwise in support of any argument or position in any motion, brief, hearing, appeal, or otherwise; and Chase shall retain its right to object to the maintenance of this Action as a class action, the suitability of Plaintiffs to serve as class representatives, and the suitability of Settlement Class Counsel to serve as class counsel.

## V. Preliminary Approval

55. Promptly following the Execution Date, and no later than any applicable deadline set by the Court, Plaintiffs shall file a Preliminary Approval Motion seeking entry of a Preliminary Approval Order, substantially in the form of Exhibit A, with the Court. For purposes of Settlement only, Chase will not oppose the Preliminary Approval Motion or the certification, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), of the Settlement Class.

56. In the event that the Court does not enter the Preliminary Approval Order in substantially the same form as Exhibit A, the Parties shall have the right to terminate this Agreement and the Settlement, per Section XVII below.

57. The Preliminary Approval Motion shall request that the Court approve the Class Notices attached as Exhibits C and D. The Court will ultimately determine and approve the content and form of the Class Notices to be distributed to Class Members.

58.	The Preliminary Approval Motion shall request that the Court enter the following schedule governing the Settlement:

a.	Deadline for Chase to transfer amount of estimated Administrative Costs as set forth in Section VI below:  twenty-one (21) calendar days after Preliminary Approval;

b.	Deadline for establishing Settlement Website: at least one (1) calendar day before the first Short Form Notice is mailed or emailed by the Administrator;

c.	Notice Deadline: forty-five (45) calendar days after Preliminary Approval;

d.	Deadline for filing motions for Fee & Expense Award and Service Awards: fifteen (15) calendar days after Notice Deadline;

e.	Objection Deadline and Opt-Out Deadline: forty-five (45) days after Notice Deadline;

f.	Deadline for Chase to exercise right to terminate Settlement if the number of Settlement Class Opt-Outs exceeds 3% of the number of all Settlement Class Members: seven (7) calendar days after Chase's receipt of the Administrator's opt-out report;

g.	Deadline for the Parties to respond to any objections to the Settlement Agreement: seven (7) days prior to the Final Approval Hearing;

h.	Deadline for Settlement Class Counsel to file motion for Final Approval: seven (7) calendar days prior to Final Approval Hearing; and

i.	Final Approval Hearing: one hundred ten (110) calendar days after Preliminary Approval, or at the soonest time and date thereafter mutually convenient for the Court, Settlement Class Counsel, and Chase.

## VI.	Administrator

59.	The Administrator shall administer various aspects of the Settlement as described in the next paragraphs and perform other functions specified for the Administrator elsewhere in this Agreement, including, but not limited to, providing Class Notice to Settlement Class Members as described in Sections VI and VII; establishing and maintaining the Settlement Website; making distributions from the Settlement Fund Account, including Class Member Awards, as provided herein; and paying the remainder of any Settlement Fund Account to Chase in the event of a termination of the Settlement pursuant to Section XVII hereof.

60.	The duties of the Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

a.  Conduct the Notice Program;

b.  Establish and maintain the Settlement Website as a means for Settlement Class Members to provide updated addresses and obtain notice of and information about the Settlement, through and including hyperlinked access to the Complaint, this Agreement, the Long-Form Notice, the Preliminary Approval Order, Settlement Class Counsel's application for a Fee & Expense Award, and such other documents as Settlement Class Counsel and Chase agree to post or that the Court orders posted on the Settlement Website;

c.  Establish and maintain a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries, in English, Spanish, and such other languages as are agreed upon by the Parties and Administrator;

d.  Respond to any inquiries from Settlement Class Members;

e.  Process all Settlement Class Opt-Out requests;

f.  Provide reports on request and, no later than ten (10) calendar days after the Opt-Out Deadline and Objection Deadline, a final report to Settlement Class Counsel and Chase counsel that summarizes the number of requests to opt out and objections received during that period, the total number of opt-out requests and objections received to date, and other pertinent information;

g.  Payment of any taxes pursuant to Section XI;

h.  At Settlement Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that confirms that the Notice Program approved and directed by the Court has been implemented, and that identifies the number of persons who timely and properly requested exclusion from the Settlement Class;

i.  Process and transmit Class Member Awards and any other agreed-upon distributions to Settlement Class Members from the Settlement Fund Account;

j.  Pay invoices, expenses, and costs upon approval by Settlement Class Counsel and Chase counsel, as provided in this Agreement; and

k.  Perform any settlement administration-related function at the instruction of Settlement Class Counsel and Chase's counsel, including, but not limited to, verifying that the Net Cash Settlement Amount has been distributed as required by Section XIV hereof.

61.  Within seven (7) calendar days of the filing of the Preliminary Approval Motion, the proposed Administrator shall provide the Parties an estimate of the costs to: implement the Notice Program, establish the Settlement Website, establish toll-free telephone and

cell phone numbers, and any other up-front expenses.  Within twenty-one (21) calendar days of Preliminary Approval, Chase shall transfer such amount to the Administrator for deposit into the Settlement Fund Account.

62.   The documents specified in Section VI shall remain on the Settlement Website at least until the Effective Date.  The Settlement Website shall provide Settlement Class Members the ability to provide to the Administrator an updated address at which to receive any Class Member Award.  The Settlement Website shall not include any advertising, and it shall not bear or include the Chase logo or any Chase trademarks.  The Settlement Website, and the toll-free telephone number to be established by the Administrator as described in Section VI, shall be operational beginning no later than one calendar day before the first Short Form Notice is mailed or emailed by the Administrator and shall remain operational until at least the time the distribution of payments to Participating Settlement Class Members, including any secondary distribution if any, has been completed.  The Settlement Website shall be optimized for mobile device use. Ownership of the Settlement Website URL shall be transferred to Chase within ten (10) calendar days of the date on which operation of the Settlement Website ceases.

## VII.   Notice to Settlement Class Members

63.   Within fourteen (14) calendar days of Preliminary Approval, Chase will provide the Administrator with a "Settlement Class List" containing the following information for each Settlement Class Member, which is provided solely for the purpose of providing the Class Notices to Settlement Class Members and allowing them to recover under this Settlement and shall be kept strictly confidential between the Administrator and the Parties:

   a.   Name;

   b.   Last known e-mail address (if available); and

   c.   Last known mailing address;

   d.   Unique identifying numbers for each account.

64.   By the Notice Deadline (forty-five (45) calendar days after Preliminary Approval) or by the time specified by the Court, the Administrator shall send the Class Notices through the Notice Program described below, or in such other form as is approved by the Court.

   a.   The Administrator shall email the Short Form Notice attached hereto as Exhibit C to all Settlement Class Members for whom there is a valid email address on the Settlement Class List.

   b.   The Administrator shall mail the Short Form Notice, attached hereto as Exhibit C, to all Settlement Class Members.   Exhibit C shall be mailed after the Administrator cross-references and updates mailing addresses provided in the Settlement Class List with the National Change of Address Database, and other commercially reasonable means, to obtain any updated address information for

Settlement Class Members.  In the event a mailed Short Form Notice is returned as undeliverable, the Administrator will use reasonable efforts to obtain an updated mailing address, and if one is located, attempt a second mailing of the Short Form Notice and update their address on the Settlement Class List.

65. Class Notices provided under the Notice Program shall not bear or include any Chase logo or trademarks or Chase's return address, or otherwise be styled to appear to originate from Chase.

66. Within seven (7) calendar days of the date the Administrator completes the Notice Program, the Administrator shall provide Settlement Class Counsel and Chase an affidavit confirming the completion of the Notice Program.  Settlement Class Counsel shall file that affidavit with the Court as an exhibit to, or in conjunction with, the motion for a Final Approval Order.

67. All costs of the Notice Program shall be deducted from the Cash Settlement Amount.

68. Further specific details of the Notice Program shall be subject to the agreement of Settlement Class Counsel and Chase.

**VIII.  Settlement Class Opt-Outs**

69. As set forth below, Settlement Class Members shall have the right to opt out of the Settlement Class and this Settlement.

70. The Parties shall propose that the Preliminary Approval Order include terms providing that a Settlement Class Member who wishes to opt out of the Settlement Class and this Settlement must submit to the Administrator a written, signed, and dated statement that he or she is opting out of the Settlement Class.  The Parties shall further propose that to be effective, this opt-out statement must (1) be postmarked no later than the Opt-Out Deadline; (2) include the individual's full name, current mailing address, and telephone number; (3) state that the individual wants to be excluded from the Settlement in *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.); and (4) be personally signed and dated by the individual.

71. Within seven (7) calendar days of receiving any opt-out statement, the Administrator shall provide counsel for the Parties with a copy of the opt-out statement.

72. Settlement Class Opt-Outs are not entitled to receive a Class Member Award under this Settlement.

73. Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to opt out of the Settlement.

## IX.    Objections

74.    Any Participating Settlement Class Member may object to any aspect of the Settlement, Settlement Class Counsel's request for attorneys' fees and costs, and/or requests for service awards.  Objections must be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Settlement Class Counsel and Chase's counsel.  The Parties shall propose that the Preliminary Approval Order include terms providing that for an objection to be considered by the Court, the objection must be electronically filed no later than the Objection Deadline or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Class Notice.

75.    The proposed Preliminary Approval Order shall provide that for an objection to be considered, the objection must also set forth:

     a.    The name of the Action (*Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.));

     b.    The objector's full name, address, email address, and phone number;

     c.    An explanation of the basis upon which the objector claims to be a Settlement Class Member;

     d.    All grounds for the objection, accompanied by any legal support for the objection;

     e.    The identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

     f.    Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing, who must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court;

     g.    A list of all other class action settlements to which the objector or their counsel filed an objection;

     h.    A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

     i.    The objector's signature (an attorney's signature is not sufficient).

76.    The Parties shall propose that the Preliminary Approval Order include terms providing that any Participating Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney, only if the Participating Settlement Class Member's objection is timely and otherwise conforms to the requirements for objections directed by the Preliminary Approval Order and indicates an intention to appear at the Final

Approval Hearing. The Parties shall further propose that failure to adhere to the requirements of this section will bar a Participating Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

77. Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to object to the Settlement or anyone to appeal from any order of the Court that is consistent with the terms of this Settlement.

## X.   Final Approval and Judgment

78. In connection with Preliminary Approval, Plaintiffs will request that the Court schedule a date on which the Final Approval Hearing will occur, no less than one hundred ten (110) days after Preliminary Approval.

79. Plaintiffs and Settlement Class Counsel shall submit for the Court's consideration, seven (7) calendar days before the Final Approval Hearing or by such other deadline as the Court may order, a proposed Final Approval Order. The motion for Final Approval of this Settlement, the form of which will also be subject to review by Chase, shall include a request that the Court enter the Final Approval Order and, if the Court grants Final Approval of the Settlement and incorporates the Agreement into the final judgment, that the Court dismiss this Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Agreement.

80. In the event that the Court does not enter a Final Approval Order that includes the material substance of the form as agreed upon and determined by the Parties, the Parties have the right to terminate this Agreement and the Settlement, per Section XVII below. Only material changes, as reasonably determined by the Parties, shall trigger such termination right. In the event the Parties disagree regarding whether a change is material, they shall first attempt to resolve such dispute through mediation, and if they are unable to resolve such dispute through mediation, shall present such dispute to the Court. Material changes shall not include any changes to the legal reasoning or format used by the Court to justify the substantive relief sought by the Final Approval Order. In the event that the Effective Date does not occur, the Final Approval Order is vacated or reversed, or the Settlement does not become final and binding, the Parties agree to request that the Court vacate any prior dismissal(s) with prejudice of this Action or any claim made in this Action.

81. The Parties agree that if this Agreement becomes null and void, Chase shall not be prejudiced in any way from seeking dismissal of the Action or opposing class certification in the Action; and Plaintiffs shall not use anything in this Agreement, in any term sheet, or in the Preliminary Approval Order or Final Approval Order as evidence of any wrongdoing by Chase. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and binding.

### XI.    Settlement Fund Account

82.    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases as set forth in Section XVI hereof and the dismissal of the Action upon Final Approval, within seven (7) calendar days of the Effective Date, Chase shall transfer to the Administrator the remainder of the Cash Settlement Amount (*i.e.*, the Cash Settlement Amount less the amount of any Administrative Costs that Chase has already transferred to the Administrator or deposited in the Settlement Fund Account) for deposit into the Settlement Fund Account.

83.    The monies in the Settlement Fund Account at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Settlement Class Counsel, Chase, or Chase's counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account. Plaintiffs and Settlement Class Counsel, and Chase and its counsel, shall have no liability or responsibility for any Taxes.  The Settlement Fund Account shall indemnify and hold Plaintiffs and Settlement Class Counsel, and Chase and its counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

84.    The Settlement Fund Account shall be used for the following purposes:

   a.    Distribution of Class Member Awards;

   b.    Payment of the Court-ordered Fee & Expense Award pursuant to Section XII hereof;

   c.    Payment of the Court-ordered Service Awards to Plaintiffs pursuant to Section XII hereof;

   d.    Payment of any Administrative Costs, including but not limited to costs related to the Notice Program;

   e.    Payment of any Taxes pursuant to Sections VI and XI hereof, including, without limitation, taxes owed as a result of interest earned on the Settlement Fund Account, in a timely manner, subject to approval by Settlement Class Counsel and Chase; and

   f.    Payment of additional fees, costs, and expenses not specifically enumerated in subsections (a) through (e) of this Section, consistent with the purposes of this Agreement, subject to approval of Settlement Class Counsel and Chase's counsel.

85.    All interest on the funds in the Settlement Fund Account, if any, shall accrue to the benefit of the Settlement Class Members.  Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Administrator.  The Administrator is responsible for the payment of all taxes on interest on the funds in the Settlement Fund Account.

86.    The Administrator shall prepare, send, file, and furnish all tax information reporting forms required for payments made from the Settlement Fund Account as required by the Internal Revenue Service pursuant to the Internal Revenue Code and related Treasury Regulations.  The Parties agree to cooperate with the Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this section.

## XII.    Service Awards and Fee & Expense Award

87.    Plaintiffs Ariel Cymbalista and Rachel Cymbalista, through their undersigned counsel, shall each be entitled to apply to the Court for an award from the Cash Settlement Amount of up to $10,000 each, for their participation in the Action and their service to the Settlement Class (the "Service Awards").  Any application for Service Awards will not be based or conditioned upon Plaintiffs' support for the Settlement.  Chase shall not oppose such application that does not exceed $10,000 each.

88.    Any Service Award approved by the Court in an amount less than the amount sought by a Plaintiff is not a basis for setting aside this Agreement, and the decision by the Court concerning the Service Awards shall not affect the validity of the Agreement or finality of the Settlement.

89.    The Parties consent to the Court appointing Settlement Class Counsel in this Action for purposes of the Settlement.  Settlement Class Counsel shall be entitled to apply to the Court for a Fee & Expense Award for attorneys' fees incurred in investigating, litigating and settling this Action, as well as for reasonable costs and expenses incurred in the Action, in an amount not to exceed one-third of the Cash Settlement Amount. When filed, the application will be posted on the Settlement Website.  Chase agrees not to oppose or appeal any such applications that do not collectively exceed one-third of the Cash Settlement Amount.  The Fee & Expense Award approved by the Court shall constitute full satisfaction of any obligation on Chase's part to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of Plaintiffs or the Class.

90.    A Fee & Expense Award approved by the Court in an amount less than the amount sought by Settlement Class Counsel is not a basis for setting aside this Agreement, and the decision by the Court concerning the Fee & Expense Award shall not affect the validity of the Agreement or finality of the Settlement.

91.    Neither the Released Parties nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to any payment(s) to Settlement Class Counsel pursuant to this Agreement and/or to any other person who may assert some claim thereto

for any Fee & Expense Award that the Court may make in the Action, other than as set forth in this Agreement.  Similarly, neither the Released Parties nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to allocation among Settlement Class Counsel, and/or any other person who may assert some claim thereto, of any Fee & Expense Award that the Court may approve in the Action.

92.    Any Service Awards and any Fee & Expense Award shall be paid from the Settlement Fund Account, out of the Cash Settlement Amount, within fourteen (14) calendar days of the Effective Date.

## XIII.  Calculation of Participating Settlement Class Member Awards

93.    Prior to execution of this Agreement, Chase shall provide Settlement Class Counsel the "Class Account Data" which shall include for each loan in the Settlement Class: (a) sufficient information from Chase's loan servicing database to enable the Calculation Advisor to calculate the amount of interest that would have been owed for such loan during the Class Period under Conn. Gen. Stat. §49-2a, *et seq*., MD. Comm. Law Code Ann. §12-109 *et seq*., Minn. Stat. Ann. §47.20 subd. 9, N.Y. GOL §5-601, R.I. Gen. Laws §19-9-2, *et seq*. and Wis. Stat. §138.052(5), *et seq*; and (b) for all such data provided in (a), a corresponding unique identifying number for the account.

94.    Within fourteen (14) days of the Effective Date, the Administrator shall determine the Net Cash Settlement Amount (and provide that information to Chase's counsel, Settlement Class Counsel and the Calculation Advisor) by deducting from the Cash Settlement Amount: (1) the amount of any Court-approved Fee & Expense Award; (2) the amount of any Court-approved Service Awards; and (3) the Administrative Costs (including both costs already incurred and a prediction of future costs necessary to effectuate the Settlement, other than any costs necessary to effectuate any secondary distribution pursuant to Section XV), which shall include the Administrative Costs previously paid by Chase pursuant to Section VI.

95.    Each Participating Settlement Class Member shall be eligible to receive a Class Member Award from the Net Cash Settlement Amount.

96.    Within fourteen (14) days of the Effective Date, the Administrator shall provide to Chase's counsel, Settlement Class Counsel, and the Calculation Advisor a complete list of the Participating Settlement Class Members, including the corresponding unique identifying numbers for such persons as listed in the Class Account Data (the "Participating Settlement Class Member List").

97.    Within twenty-one (21) days after the Effective Date, the Calculation Advisor shall provide to Chase's counsel, Settlement Class Counsel, and the Administrator, in spreadsheet format, a "Settlement Payment List."  The Settlement Payment List shall be a supplement to the Participating Settlement Class Member List, adding columns, for each Participating Settlement Class Member on such list, with the following information: (a) the calculated amount of their Unpaid IOE (defined below); and (b) the calculated amount of their Class Member Award, as calculated pursuant to the methodology set

forth at Section XIII.  Settlement Class Opt-Outs are not Participating Settlement Class Members and shall be excluded from the Participating Settlement Class Member List and the Settlement Payment List.

98.     Class Member Awards shall be calculated by:

   a.     First, by calculating the amount of interest on escrow that the Participating Settlement Class Member would have been due on an escrow account maintained by Chase during the Class Period under the law of the State in which the property was located but was not paid based on Chase's assertion of federal preemption (the "Unpaid IOE").

   b.     Second, by calculating a "Share Factor" for each Participating Settlement Class Member, which shall be calculated as follows: (i) the Participating Settlement Class Member's Unpaid IOE; divided by (b) the total aggregate Unpaid IOE for all Participating Settlement Class Members.

   c.     Third, by establishing a "Minimum Payment" of five dollars ($5.00) for each Participating Settlement Class Member.  The aggregate total of all Minimum Payments, for all Participating Settlement Class Members, shall be called the "Total Minimum Payments."

   d.     Fourth, by calculating the "Additional Distribution Funds," which shall be calculated as follows: (i) the Net Cash Settlement Amount; minus (b) the Total Minimum Payments.

   e.     Fifth, by calculating the "Additional Distribution Amount" for each Participating Settlement Class Member as follows: (a) the Participating Settlement Class Member's Share Factor; multiplied by (b) the Additional Distribution Funds.

   f.     Sixth, by calculating the Class Member Award for each Participating Settlement Class Member as follows: (a) the Participating Settlement Class Member's Minimum Payment; plus (b) the Settlement Class Member's Additional Distribution Amount (if any).

99.     In the event the aggregate amount of Class Member Awards dictated by the proportional payment structure described above exceeds the Net Cash Settlement Amount, the cash award for each transaction shall be reduced *pro rata* until the aggregate amount of Class Member Awards no longer exceeds the Net Cash Settlement Amount.

**XIV.    Distribution of Participating Settlement Class Member Awards**

100.    Within sixty (60) calendar days of the Effective Date, the Administrator shall send Class Member Awards, in the amounts listed for them in the Settlement Payment List, from the Settlement Fund Account via check to all Participating Settlement Class Members entitled to Class Member Awards.

101.    Prior to mailing Class Member Award checks, the Administrator shall attempt to update the last known addresses of the Participating Settlement Class Members who have not provided an updated address through the Settlement Website through the National Change of Address Database or similar databases. Checks shall be valid for one hundred fifty (150) calendar days after issuance. The Administrator will make reasonable efforts to locate the proper address for any intended recipient of Class Member Awards whose check is returned by the Postal Service as undeliverable and will re-mail it once to the updated address. Class Member Award checks returned with a forwarding address shall be re-mailed to the new address within seven (7) calendar days. The Administrator shall not mail Class Member Award checks to addresses from which Class Notices were returned as undeliverable.

102.    Any Class Member Award paid to a deceased Participating Settlement Class Member shall be made payable to the estate of the deceased Participating Settlement Class Member, provided that the Participating Settlement Class Member's estate informs the Administrator of the Class Member's death at least thirty (30) calendar days before the date that Class Member Award checks are mailed and provides a death certificate confirming that the Class Member is deceased. If the Participating Settlement Class Member's estate does not inform the Administrator of the Class Member's death at least thirty (30) calendar days before Class Member Award checks are mailed, then the deceased Participating Settlement Class Member will be barred from receiving a Class Member Award under this Settlement. If the estate of the deceased Participating Settlement Class Member has been closed by Court order, then the Class Member Award may be paid by the Administrator to an heir of the estate who can demonstrate a right to receive the Class Member Award due to the deceased Settlement Class Member.

103.    Any Class Member Award due to joint mortgagors to a single mortgage loan shall be payable by the Administrator to any of the joint mortgagors as full payment of the claim to all joint mortgagors. Neither this Section nor any part of the proposed Preliminary Approval Order or proposed Final Approval Order shall be construed to revise or change any order of any court dividing or apportioning assets among current or former joint mortgagors.

104.    The Administrator shall periodically provide the Parties with a reconciliation and accounting of the Settlement Fund Account, including but not limited to at each of the following times: (1) no later than ten (10) calendar days after the Class Member Award checks are initially mailed, and (2) no later than ten (10) calendar days after the expiration of the 150-day period for depositing Class Member Award checks.

## XV.    Disposition of Residual Funds

105.    Within one year after the date that the Settlement Administrator mails the first Class Member Award, any funds remaining in the Settlement Fund Account ("Residual Funds") shall be distributed as follows:

      a.    To the extent feasible and practical in light of the costs of administering such subsequent payments (all such costs to prepare and transmit such additional

payments to be paid from the Residual Funds), and subject to agreement by Settlement Class Counsel and Chase, the Residual Funds may be distributed to Settlement Class Members who cashed their Settlement checks on a *pro rata* basis; or

b. If an additional distribution is not feasible and practical, or if an additional distribution is made pursuant to Section XV above and there are funds remaining in the Settlement Fund Account following such additional distribution, the remaining Residual Funds shall be distributed through a residual *cy pres* program. The residual *cy pres* recipients shall be nonprofit organizations providing services related to housing, to be agreed upon by the Parties, who shall then be identified in the Long Form Notice and proposed Final Approval Order.  Any residual *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution of Class Member Awards and any additional distribution to Settlement Class Members.

c. If Settlement Class Counsel and Chase are unable to agree on a distribution plan for the Residual Funds, they shall bring the matter, together with supporting materials and argument, to the Court for determination.

d. The Settlement Fund Account shall pay all costs associated with the disposition of Residual Funds, whether through an additional distribution to Settlement Class Members or through a residual *cy pres* program.

## XVI. Releases

106. Upon the Effective Date, Plaintiffs and Participating Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, representatives, and successors, fully and irrevocably release and forever discharge Chase and each of its present, former, and future parents (including but not limited to JPMorgan Chase & Co.), subsidiaries, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, insurers, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, advisors, consultants, independent contractors, wholesalers, resellers, distributors, retailers, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf, including, but not limited to all of their subsidiaries and affiliates (collectively, "Released Parties") with respect to any claims, issues, liabilities, rights, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, or remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, whether based on New York General Obligation Law § 5-601; Conn. Gen. Stat. §49-2a; M.D. Comm. Law Code Ann. §12-109; Minn. Stat. Ann. §47.20 subd. 9; R.I. Gen. Laws §19-9-2; Wis. Stat. §138.052(5); N.Y. General Business Law § 349; Conn. Gen. Stat. §§ 42-110a, et seq.; Md. Com. Law. Code Ann. §§ 13-101, et seq.; Minn. Stat. Ann. §§ 325F.68, et seq.; R.I. Gen. Law §§ 6-13.1-1, et seq.; or Wis. Stat. Ann. §100.18 or any other federal, state

(including, without limitation, breach of contract and unjust enrichment), local, statutory or common law or any other law, rule, regulation, ordinance, code, contract, common law, or any other source, including the law of any jurisdiction outside the United States (including both direct and derivative claims),[1] that were or reasonably could have been alleged in this Action or in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, arising from or relating to (a) any alleged failure to pay interest on funds held in mortgage escrow accounts; or (b) any acts or omissions that were raised or could have been raised in the Action regarding non-payment of interest on funds held in mortgage escrow accounts; or (c) any claim made in this Action related in any way to any claimed violation of 15 U.S.C. §1639d(g)(3); New York General Obligation Law § 5-601 (New York); Conn. Gen. Stat. §49-2a (Connecticut); M.D. Comm. Law Code Ann. §12-109 (Maryland); Minn. Stat. Ann. §47.20 subd. 9 (Minnesota); R.I. Gen. Laws §19-9-2 (Rhode Island); or Wis. Stat. §138.052(5) (Wisconsin), including any and all such claims for damages, injunctive relief, interest, attorney fees, and litigation expenses, through the date of Final Approval.

107.   With respect to the Released Claims, Plaintiffs and Participating Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Thus, subject to and in accordance with this Agreement, even if the Plaintiffs and/or Participating Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Plaintiffs and each Participating Settlement Class Member, upon entry of Final Approval of the Settlement, shall be deemed to have and by operation of the Final Approval Order, shall have, fully, finally, and forever settled and released all of the Released Claims.  This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, which now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent,

---

[1] For the avoidance of doubt, the list preceding this footnote in this paragraph is subject to the limiting language in this paragraph that follows this footnote.

intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

108.    Plaintiffs and Participating Settlement Class Members covenant not to sue or otherwise assert any claims against Chase based on the Released Claims.  The Parties contemplate and agree that this Agreement may be pleaded as a full and complete defense and bar to a lawsuit, and may serve as the basis for an injunction preventing any action from being initiated or maintained, in any case sought to be prosecuted on behalf of Plaintiffs or Participating Settlement Class Members (including, but not limited to, for actual damages, statutory damages, and exemplary or punitive damages) based on the Released Claims.

## XVII.  Termination of Settlement

109.    Prior to the Effective Date, but not after the Effective Date, this Settlement may be terminated by either Settlement Class Counsel or Chase by serving on counsel for the opposing Party and filing with the Court a written notice of termination within twenty one (21) calendar days (or such longer time as may be agreed between Settlement Class Counsel and Chase) after any of the following occurrences, provided the terminating party complies with Sections V, X and XVII and Paragraph 134:

   a.   Settlement Class Counsel and Chase agree to termination; or

   b.   the Court materially modifies, materially amends or changes, or declines to approve the Settlement.

110.    Before terminating this Agreement under the preceding paragraph, the Parties shall have a duty to negotiate with each other in good faith, including engaging a mediator if necessary, to attempt to cure the defect and seek approval of the modified Settlement Agreement.

111.    As set forth above in Paragraph 58(f), Chase shall have the right, in its sole discretion, to terminate the Settlement if the number of Settlement Class Opt-Outs exceeds 3% of the number of all persons included in the Settlement Class (the "Termination Option"). Chase shall give written notice to Settlement Class Counsel of any decision to exercise the Termination Option within ten (10) calendar days of Chase's receipt of the last timely opt-out statement received pursuant to Section VIII.  In the event Chase exercises the Termination Option, this Settlement shall become null and void and shall have no further force or effect, all funds being held in the Settlement Fund Account shall revert to Chase, the Action shall continue, any Preliminary Approval Order shall be automatically vacated, and the Parties shall confer with the Court as to whether and how any notice of the termination should be sent to the Class, with Chase bearing the cost of such notice. Further, the provisions of Sections X and XVII shall govern the Parties' respective post-termination rights and obligations.

112.    No Party may terminate the Settlement because of (1) any intervening change in law or court decision affecting the claims alleged in the Action, or (2) the amount of the Fee & Expense Award awarded to Settlement Class Counsel or of any Service Awards awarded

to Plaintiffs.  The Parties acknowledge and agree that, as set forth in Section III, Chase can discontinue the prospective relief that it agrees to provide pursuant to the terms of this Settlement Agreement in any State if an appellate court of that State, the federal Court of Appeals encompassing that State, or the U.S. Supreme Court issues a decision establishing that federal banking law preempts state interest-on-escrow requirements, but that such an intervening change in law and resulting discontinuation of the prospective relief does not constitute a termination or breach of this Settlement Agreement, nor is it a basis for either Party to terminate the Settlement Agreement.

113.    In the event of a termination, this Agreement shall be considered null and void; all of Chase's obligations under the Agreement shall cease to be of any force and effect, except for Chase's payment of Administrative Costs already incurred by the Administrator; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not negotiated, entered into, or filed with the Court this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Chase's right to oppose class certification.   Further, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose.

114.    In the event of a termination, and after payment of any invoices or other fees, expenses, and/or taxes mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund Account, the Administrator shall return the balance of the Settlement Fund Account to Chase within seven (7) calendar days of termination.  The Administrator shall also apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to Chase, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund.

## XVI.   No Admission of Liability

115.    Chase disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind.  Chase has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

116.    Settlement Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action.   Settlement Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

117.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be

deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

118.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (1) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (2) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVII.  Miscellaneous Provisions

119.    Gender and Plurals.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

120.    Deadlines.  If any of the dates or deadlines specified herein falls on a weekend or legal holiday, then the applicable date or deadline shall be moved to the next business day, consistent with the Federal Rules of Civil Procedure.

121.    Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the Released Parties and Plaintiffs and Participating Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, representatives, and successors.

122.    Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, to defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

123.    Confidentiality of Litigation Materials.  Chase provides its consent to Settlement Class Counsel to describe the Settlement Class Member loan data, and Settlement Class Counsel's analysis of that loan data, provided by Chase to Settlement Class Counsel during settlement negotiations for the purposes of moving for preliminary and final approval of the Settlement.  Except as provided in this Paragraph, under no circumstance shall Plaintiffs or Settlement Class Counsel disclose to any third party any confidentially designated discovery obtained from Chase in the Action, except as may be otherwise permitted in this Agreement or Ordered by the Court.  Specifically, this Paragraph does not alter the scope of any confidentiality provisions or provisions regarding the use of non-public information set forth in this Agreement or in the Parties' protective orders in this Action.

124.    Confidentiality of Settlement Negotiations.  Chase provides its consent to Settlement Class Counsel to describe the Settlement Class Member loan data, and Settlement Class Counsel's analysis of that loan data, provided by Chase to Settlement Class Counsel during settlement negotiations for the purposes of moving for preliminary and final

approval of the Settlement. Except as provided in this Paragraph, the Parties to this Agreement agree to keep strictly confidential and not disclose to any third party any non-public information regarding the Parties' negotiation of this Settlement and/or this Agreement. For the sake of clarity, information contained within this Agreement shall be considered public, as well as any information necessary to explain the relative value of the Settlement as compared to potential Settlement Class damages or any information requested by the Court in the approval process and other such information necessary to implement this Settlement, provided such information is filed (and is not under seal) and/or is not considered to be confidential under the Parties' protective orders in this Action.

125.    Press Release.  Plaintiffs and Chase will not issue press releases, contact the media, or otherwise seek to publicize the case or the terms of the Settlement beyond what is required to effectuate the Settlement, *e.g.*, providing Class Notices to the Settlement Class Members. Settlement Class Counsel and Chase's counsel do not presently intend to issue press releases, contact the media, or otherwise seek to publicize the case or the terms of the Settlement beyond what is required to effectuate the Settlement, *e.g.*, providing Class Notices to the Settlement Class Members. Nothing in this paragraph, or elsewhere in this Agreement, shall prevent Settlement Class Counsel from: discharging their duties to Settlement Class Members; responding to media inquiries; discussing the Settlement with Plaintiffs, Settlement Class Members, or the Court; disclosing public information about the case on a resume, *curriculum vitae*, firm website, in other promotional materials, or in future legal filings; or responding to government inquiries. Public information about this Action and the Settlement placed on Settlement Class Counsel's or Chase's counsel's firm websites shall not be considered a press release as discussed in this Paragraph.

126.    Regular Course of Business.  The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Chase and the Released Parties, on the one hand, and Settlement Class Members, on the other hand, in the regular course of business.

127.    Participating Settlement Class Member Obligations.  Under no circumstances shall the Settlement or Agreement or any release herein be deemed to alter, amend, or change the terms and conditions of any account or loan to which any Participating Settlement Class Member is or was a party, or to provide a defense to any such loan, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Participating Settlement Class Member hereto, nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract.

128.    Obligation to Meet and Confer.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have so consulted. In the event that a Party believes the other has violated this Agreement, the Parties will attempt to engage in an informal process of resolving any such dispute prior to filing any action or motion to enforce this Agreement.

129.    Integration.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made, or relied upon, by any Party hereto, except as provided for herein.

130.    No Conflict Intended.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

131.    Governing Law.  The Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

132.    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required, and electronic signatures are permitted.  Any signature submitted by facsimile or through e-mail of an Adobe PDF shall be deemed an original.

133.    Jurisdiction.  The Parties agree, and shall seek a determination by the Court in the Final Approval Order, that the Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Parties further agree, and shall seek a determination by the Court in the Final Approval Order, that the Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and for the purpose of enforcing all terms of the Agreement.  The Parties further agree, and shall seek a determination by the Court in the Final Approval Order, that the Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Administrator.  As part of its agreement to render services in connection with this Settlement, the Administrator shall consent to the jurisdiction of the Court for this purpose.

134.    Notices.  All notices to Plaintiffs or Settlement Class Counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

    Joseph S. Tusa
    TUSA P.C.
    55000 Main Road
    Southold, NY 11971
    631-407-5100
    Email: joseph.tusapc@gmail.com

    Oren Giskan
    GISKAN SOLOTAROFF & ANDERSON LLP
    90 Broad Street
    10th Floor
    New York, NY 10004

646-964-9644
Email: ogiskan@gslawny.com

Roger Heller
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street 29th Floor
San Francisco, CA 94111
415-956-1000
Fax: 415-956-1008
Email: rheller@lchb.com

All notices to Chase provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(t) 212-230-8800
(f) 212-230-8888
alan.schoenfeld@wilmerhale.com

All notices to the Administrator required or desired to be given under this Agreement shall be in writing and sent by first-class mail as follows:

Patrick J. Ivie
KCC CLASS ACTION SERVICES LLC
1 McInnis Parkway, Ste. 250
San Rafael, CA 94903
(t) (310) 776-7385
pivie@kccllc.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

135.   Court Address for Objections.  All objections must be sent to the Administrator at the address listed above.  In addition, objections must be sent to the Clerk of Court at the following address:

Clerk of the Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

27

136.   Modification and Amendment.  This Agreement may be amended or modified only by a written instrument signed by counsel for Chase and Settlement Class Counsel and, if the Settlement has been approved by the Court, such amendment or modification is approved by the Court.

137.   No Waiver.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

138.   Authority.  Settlement Class Counsel, Plaintiffs, counsel for Chase, and Chase represent and warrant that the persons signing this Agreement have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and Chase to all terms of this Agreement.   Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

139.   Agreement Mutually Prepared.  Neither Chase nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

140.   Independent Investigation and Decision to Settle.   The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now, and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

141.   Receipt of Advice of Counsel.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section XVI hereof, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: APRIL 9, 2021

Rachel Cymbalista

*Plaintiff, Settlement Class Representative*

Dated: APRIL 9, 2021

Ariel Cymbalista

*Plaintiff, Settlement Class Representative*

Dated: _____

Joseph S. Tusa
TUSA P.C.
P.O. Box 566
55000 Main Road
Southold, NY 11971

*Settlement Class Counsel*

Dated: _____

Oren Giskan
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
10th Floor
New York, NY 10004

*Settlement Class Counsel*

Dated: _____

Roger Heller
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street 29th Floor
San Francisco, CA 94111

*Settlement Class Counsel*

Dated: _____        _____
                                         Rachel Cymbalista

                                         *Plaintiff, Settlement Class Representative*

Dated: _____        _____
                                         Ariel Cymbalista

                                         *Plaintiff, Settlement Class Representative*

Dated: 4-9-2021                          _____
                                         Joseph S. Tusa
                                         Tusa P.C.
                                         P.O. Box 566
                                         55000 Main Road
                                         Southold, NY 11971

                                         *Settlement Class Counsel*

Dated: 4-9-21                            _____
                                         Oren Giskan
                                         GISKAN SOLOTAROFF & ANDERSON LLP
                                         90 Broad Street
                                         10th Floor
                                         New York, NY 10004

                                         *Settlement Class Counsel*

Dated: _____        _____
                                         Roger Heller
                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                         275 Battery Street 29th Floor
                                         San Francisco, CA 94111

                                         *Settlement Class Counsel*

Dated: _____        _____
                                         Alan E. Schoenfeld
                                         WILMER CUTLER PICKERING
                                           HALE AND DORR LLP
                                         7 World Trade Center

29

Dated: _____          _____

                                         Rachel Cymbalista

                                         *Plaintiff, Settlement Class Representative*


Dated: _____          _____

                                         Ariel Cymbalista

                                         *Plaintiff, Settlement Class Representative*


Dated: _____          _____

                                         Joseph S. Tusa
                                         Tusa P.C.
                                         P.O. Box 566
                                         55000 Main Road
                                         Southold, NY 11971

                                         *Settlement Class Counsel*


Dated: _____          _____

                                         Oren Giskan
                                         Giskan Solotaroff & Anderson LLP
                                         90 Broad Street
                                         10th Floor
                                         New York, NY 10004

                                         *Settlement Class Counsel*


Dated: April 9, 2021 _____     _____

                                         Roger Heller
                                         Lieff Cabraser Heimann & Bernstein, LLP
                                         275 Battery Street 29th Floor
                                         San Francisco, CA 94111

                                         *Settlement Class Counsel*


Dated: _____          _____

                                         Alan E. Schoenfeld
                                         Wilmer Cutler Pickering
                                            Hale and Dorr LLP

Dated: _____4/9/2021_____        _____
                                           Alan E. Schoenfeld
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                           7 World Trade Center
                                           250 Greenwich Street
                                           New York, NY 10007

                                           *Counsel for Chase*

Dated: 4/9/2021_____         Michelle Silwonuk
                                           _____
                                           Michelle Silwonuk
                                           JPMorgan Chase Bank, N.A.
                                           3415 Vision Drive
                                           Columbus, OH 43219-6009

                                           Managing Director, Home Lending Executive

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RACHEL CYMBALISTA and ARIEL CYMBALISTA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | **ORDER**<br>**CV-20-456 (RPK)** |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTING CLASS NOTICE

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and for Direction of Class Notice ("Motion"). As described in the Motion, Plaintiffs and Defendant JPMorgan Chase Bank, N.A., ("Defendant" or "Chase") have entered into a class Settlement Agreement and Release, dated April 9, 2021, which is on file in this case at Dkt. ___ (the "Settlement"). Having thoroughly reviewed the Settlement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to approve

the Settlement under Fed. R. Civ. P. 23(e)(2) and to finally certify the Settlement Class for purposes of judgment on the proposed Settlement.

5.     The Court further finds that Plaintiffs and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class.  The Court further finds that the Settlement Agreement is procedurally fair, the product of arms' length negotiations by the Parties through an experienced mediator, Hon. Elizabeth D. Laporte (Ret.), and comes after a detailed investigation and damages analysis.

6.     The Court preliminarily finds that the Settlement relief provided—(a) a non-reversionary settlement fund of $11.5 million, which Plaintiffs estimate represents approximately 53% of the alleged class damages during the Class Period and a total Settlement value of approximately $18.75 million when including the prospective escrow interest payments; and (b) three years of prospective escrow interest payments to Settlement Class Members with active accounts under the applicable State's laws, unless the U.S. Court of Appeals encompassing that State(s) or the U.S. Supreme Court issues a decision establishing that federal banking law preempts state interest-on-escrow requirements—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (i.e., direct payments by mailed checks, with no claim required).

7.     The Court further finds that the Settlement is substantively fair and treats the Settlement Class Members equitably relative to each other.  Under the terms of the Settlement, Settlement Class Members will be sent a settlement payment, which will be based on the unpaid escrow interest each of them is allegedly owed.  Specifically, each Settlement Class Member will receive a minimum payment of $5.00, plus a portion of remaining settlement payment funds (after

payment of attorney's fees and costs, service award, and notice and settlement administration costs) in amounts proportionate to the alleged unpaid escrow interest for their loan.  The Court will assess Settlement Class Counsel's request for attorneys' fees and expenses after receiving a motion from Settlement Class Counsel supporting such request.  At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the Settlement Fund creates no reason not to grant the Motion and direct notice to the Settlement Class.

      8.     The Court also preliminarily finds that the Settlement is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of the defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *See City of Detroit v. Grinnell Corp.*, 495 F. 2d 448, 463 (2d Cir. 1974).

      9.     The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e) consisting of:

> All persons identified in Chase's mortgage-servicing records as holding a mortgage loan Serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period, would have been due interest on an escrow account maintained by Chase under the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin, but were not paid such interest.  Excluded from the Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Chase has or had a controlling interest.  Also excluded from the Settlement Class are federal, state, and local governments and all agencies and

subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her immediate family.  Not included in the Settlement Class are persons having the following types of loans excluded by the applicable laws in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin:

    a.   In Connecticut, loans securing non-owner-occupied properties.

    b.   In Maryland, loans that are not the first mortgage on the property.

    c.   In Minnesota, (i) loans originated after July 1, 1996; (ii) loans securing non-owner-occupied properties; (iii) loans where the original loan amount is above 80% of the original appraised value of the property; and (iv) loans insured or guaranteed by the Department of Veterans Affairs or the Federal Housing Administration.

    d.   In New York, (i) loans securing non-owner-occupied properties and (ii) loans originated before July 1, 1974.

    e.   In Rhode Island, (i) loans securing non-owner-occupied properties; and (ii) loans insured by the Federal Housing Administration or the Department of Veterans' Affairs.

    f.   In Wisconsin, (i) loans securing non-owner-occupied properties; (ii) loans insured by Federal Housing Administration or the Department of Veterans Affairs; and (iii) loans originated after January 1, 2019.

10.    The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Settlement Class Members; (d) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (e) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

11.    Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class

certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

      12.     The Court hereby appoints Plaintiffs Rachel Cymbalista and Ariel Cymbalista as Class Representatives for the Settlement Class.

      13.     The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:

> Joseph S. Tusa
> Tusa P.C.
> P.O. Box 566
> 55000 Main Road
> Southhold, NY 11971
> 631-407-5100
>
> Oren Giskan
> Michael Jaffe
> Giskan Solotaroff & Anderson LLP
> 90 Broad Street
> 10th Floor
> New York, NY 10004
> 646-964-9644
>
> Roger Heller
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street 29th Floor
> San Francisco, CA 94111
> 415-956-1000
> Fax: 415-956-1008

      14.     The Court hereby appoints KCC Class Action Services ("KCC") as Administrator and directs KCC to carry out all duties and responsibilities of the Administrator as specified in the Settlement and herein.

15.     The Court hereby appoints Arthur Olsen of Cassis Technology, LLC as Calculation Advisor and directs Mr. Olsen to carry out all duties and responsibilities of the Calculation Advisor as specified in the Settlement.

**Notice Program**

16.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Program set forth at Section VII of the Settlement, including the form and content of the proposed forms of class notice attached as Exhibits C and D to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object.  The Court finds that the proposed Notice Program meets the requirements of due process under the United States Constitution and Rule 23; and that such Notice Program—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.InterestOnEscrowSettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice, and other key case documents; and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the notices are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object and whether to opt out.  The Court finds that the notice clearly and concisely states in plain, easily understood language, *inter alia*: (a) the nature of this case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (e) that the Court will exclude from the Settlement Class any member who timely and validly

requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

17.     The Court directs the Administrator and the Parties to implement the Notice Program as set forth in the Settlement.

18.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Chase shall promptly provide written notice of the proposed Settlement to the appropriate authorities.

19.     Within fourteen (14) days following entry of this Order, Chase shall provide to the Administrator the Settlement Class List, including all information to be included therein for the Settlement Class Members as set forth in the Settlement.

20.     No later than forty-five (45) days following entry of this Order (the "Notice Deadline"), the Administrator shall send the Short Form Notice to the Settlement Class Members, in conformance with the terms of the Settlement and substantially in the forms attached as Exhibit C to the Settlement, by email and/or postcard, as applicable.  In the event a mailed Short Form Notice is returned as undeliverable, the Administrator shall use reasonable efforts to obtain an updated mailing address, and if one is located, attempt a second mailing of the Short Form Notice and update their address on the Settlement Class List.

21.     By no later than one (1) calendar day before the first Short Form Notice is mailed or emailed by the Administrator, the Administrator shall establish the Settlement Website—which shall include the Long Form Notice substantially in the form attached as Exhibit D to the Settlement and otherwise be in conformance with the terms of the Settlement—and a toll-free number that Settlement Class Members can call for additional information.

22.     No later than seven (7) days after the Administrator completes the Notice Program, the Administrator shall provide Settlement Class Counsel and Chase's counsel an affidavit

confirming the completion of the Notice Program in conformance with the Settlement and this Order.  Plaintiffs shall file that affidavit with the Court as an exhibit to, or in conjunction with, the motion for a Final Approval Order.  Within ten (10) days after the Opt-Out Deadline and Objection Deadline (as listed below), the Administrator shall provide Chase and Settlement Class Counsel with a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

**Opt-Out and Objection Procedures**

23.     Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Administrator (at the address listed in the Long Form Notice) a written request for exclusion that is postmarked no later than forty-five (45) days after the Notice Deadline (the "Opt-Out Deadline").  To be effective, the request for exclusion must include:  (1) the individual's full name, address, and telephone number; (2) a statement that the individual wants to be excluded from the Settlement in *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.), (3) the personal signature of the individual Class Member and the date.  Any person within the Settlement Class definition who does not opt out of the Settlement Class in the manner described in this paragraph shall be deemed a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in this case.  Within seven (7) days of receiving any opt-out request, the Administrator shall provide copies of all timely and valid requests for exclusion to Settlement Class Counsel and Chase's counsel.

24.     Any Settlement Class Member that does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, expenses, and service awards.  To be considered valid, an objection must be filed electronically with the Court or mailed to the Clerk of the Court (at the

address listed in the Long Form Notice) and also mailed to Class Counsel and Chase's counsel (at the addresses listed in the Long Form Notice).  For an objection to be considered by the Court, the objection must be filed or postmarked no later than forty-five (45) days after the Notice Deadline (the "Objection Deadline"), and must set forth the following:  (a) the name of this Action; (b) the objector's full name, address, email address, and phone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing, who must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court; (g) a list of all other class action settlements to which the objector or their counsel filed an objection; (h) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and (i) the objector's signature (an attorney's signature is not sufficient).

25.    Any Settlement Class Member that does not make an objection in the manner provided in the preceding paragraph shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing or otherwise, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement or to Settlement Class Counsel's request for attorneys' fees, expenses and/or service awards.  Any Settlement Class Member that objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final.

26.    The Administrator shall promptly after receipt provide copies of any objections,

including any related correspondence, to Settlement Class Counsel and Chase's counsel.

**Final Approval Hearing**

22.     The Court will hold a Final Approval Hearing on _____, 2021 at _____ (Eastern time), in Courtroom 4E-N at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  At the Final Approval Hearing, the Court will, among other things:  (a) determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) determine whether judgment should be entered pursuant to the Settlement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the Settlement Class should be finally certified; (d) rule on Settlement Class Counsel's motion for attorneys' fees, expenses and service awards; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

23.     By no later than fifteen (15) days after the Notice Deadline, Plaintiffs and Settlement Class Counsel shall file their motion for attorneys' fees, expenses, and service awards. By no later than seven (7) days before the Final Approval Hearing, the Parties shall file any motions for final settlement approval, including any responses to any objections that are submitted. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

25.     The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing, and may order that this hearing be held remotely, by videoconference or telephonically. In the event the Court changes the date, time, and/or the format of the Final Approval Hearing, the Parties shall instruct the Administrator to post the updated information on the Settlement Website.

26.     Only the Parties and Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

27.     If the Settlement Agreement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

28.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further order of this Court.

29.     Pending final determination of whether the Settlement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction is necessary to protect and effectuate the Settlement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

30.     This Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered

or received against Chase or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in this Action; (b) any liability, negligence, fault, or wrongdoing of Chase or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation or non-settlement purposes.

31.    The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Settlement.

32.    The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement according to its terms should it be finally approved.

33.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order, including non-material modifications to the exhibits to the Settlement.

34.    The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Notice Deadline | **45 days after entry of the Preliminary Approval Order** |
| Last day for Plaintiffs and Settlement Class Counsel to file motion for attorneys' fees, expenses, and service awards | **15 days after Notice Deadline** |
| Opt-Out Deadline/Objection Deadline | **45 days after Notice Deadline** |
| Last day for the parties to file any motions for final settlement approval, including any responses to objections | **7 days before Final Approval Hearing** |
| Final Approval Hearing | **_____ __, 2021, _:__ a.m./p.m.** |

Dated: _____ ___, 2021

_____
RACHEL P. KOVNER
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RACHEL CYMBALISTA and ARIEL CYMBALISTA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | **ORDER** <br> **CV-20-456 (RPK)** |

 **[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

1. This matter came before the Court for hearing on _____, 2021, pursuant to the Court's Preliminary Approval Order dated _____ (Dkt. No. ___), and on the motion ("Motion") for final approval of the class Settlement Agreement and Release, dated April 9, 2021 entered into by the Parties (the "Settlement Agreement," Dkt. No. ___), as well as Settlement Class Counsel's motion for an award of attorneys' fees and expenses and for Plaintiffs' service awards ("Fee Motion"). Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

2. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

4. The "Settlement Class" for purposes of this Final Approval Order means:

All persons identified in Chase's mortgage-servicing records as holding a mortgage loan Serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period, would have been due interest on an escrow account maintained by Chase under the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin, but were not paid such interest. Excluded from the Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Chase has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her immediate family. Not included in the Settlement Class are persons having the following types of loans excluded by the applicable laws in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin:

   a. In Connecticut, loans securing non-owner-occupied properties.

   b. In Maryland, loans that are not the first mortgage on the property.

   c. In Minnesota, (i) loans originated after July 1, 1996; (ii) loans securing non-owner-occupied properties; (iii) loans where the original loan amount is above 80% of the original appraised value of the property; and (iv) loans insured or guaranteed by the Department of Veterans Affairs or the Federal Housing Administration.

   d. In New York, (i) loans securing non-owner-occupied properties and (ii) loans originated before July 1, 1974.

   e. In Rhode Island, (i) loans securing non-owner-occupied properties; and (ii) loans insured by the Federal Housing Administration or the Department of Veterans' Affairs.

      f.   In Wisconsin, (i) loans securing non-owner-occupied properties; (ii) loans insured by Federal Housing Administration or the Department of Veterans Affairs; and (iii) loans originated after January 1, 2019.

5.   The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

6.   The Court finds that the Notice Program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Administrator and the Parties.  The Court finds that such Notice Program, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

7.   The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.  All persons who submitted timely and valid requests for exclusion shall not be deemed Participating Settlement Class Members and are not bound by this Final Approval Order.  A list of those

persons who submitted timely and valid requests for exclusion is attached hereto.  All other persons who fall within the definition of the Settlement Class are Participating Settlement Class Members and part of the Settlement Class and shall be bound by this Final Approval Order and the Settlement Agreement.

8. The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

9. The Court finds that, for settlement purposes, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)— namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

10. The Court reaffirms its appointment of Plaintiffs Rachel Cymbalista and Ariel Cymbalista as Class Representatives to represent the Settlement Class and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

11. The Court finds that the Settlement Agreement warrants final approval pursuant to Rule 23(e)(2) because, the Court finds, the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations.  First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class and will continue to do so through Settlement

implementation.  Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations among counsel for the Parties, assisted by an experienced mediator, Hon. Elizabeth D. Laporte (Ret.), and comes after a detailed and informed investigation and analysis by counsel for the Parties.  Third, the Court finds that the relief proposed to be provided for the Settlement Class—(a) a non-reversionary settlement fund of $11.5 million, which Plaintiffs estimate represents approximately 53% of the alleged class damages during the Class Period and a total Settlement value of approximately $18.75 million when including the prospective escrow interest payments; and (b) three years of prospective escrow interest payments to Settlement Class Members with active accounts under the applicable State's laws, unless the U.S. Court of Appeals encompassing that State(s) or the U.S. Supreme Court issues a decision establishing that federal banking law preempts state interest-on-escrow requirements—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (i.e., direct payments by mailed checks, with no claim required). Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other.  Under the terms of the Settlement Agreement, all Settlement Class Members will be sent a settlement payment, which will be based on the unpaid escrow interest each of them is allegedly owed.  Specifically, each Settlement Class Member will receive a minimum payment of $5.00, plus a portion of remaining Settlement payment funds (after payment of attorney's fees and costs, service awards, and notice and settlement administration costs) in amounts proportionate to the alleged unpaid escrow interest for their loan.

12. The Court also finds that the Settlement Agreement is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of the defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

13. The Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class.  The Parties and Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members and other disbursements from the Cash Settlement Amount as provided by the Settlement Agreement, and Chase's payment of the prospective escrow interest payments in accordance with the Settlement Agreement.

14. The Action is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, in this Final Approval Order, and in any order(s) by this Court regarding Settlement Class Counsel's motion for attorneys' fees, expenses, and service award.

15. In consideration of the benefits provided under the Settlement Agreement, Plaintiffs and each of the Participating Settlement Class Members shall, by operation of this Final

Approval Order, have forever released all Released Claims against all Released Parties in accordance with Section XVI of the Settlement Agreement, the terms of which section are incorporated herein by reference.  The terms of the Settlement Agreement, which are incorporated by reference into this Final Approval Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties.  The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

16. All Participating Settlement Class Members have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Final Approval Order, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  Notwithstanding the foregoing, nothing in this Final Approval Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

17. This Final Approval Order is the final, appealable judgment in the Action as to all Released Claims.

18. Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for attorneys' fees, expenses, and service award; (c) distribution of the Cash Settlement Amount, Settlement

Class Counsel attorneys' fees and expenses, and Plaintiffs' service awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

19. In the event that the Settlement Agreement Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Chase.

20. This Final Approval Order, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Chase or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Chase or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

21. The Court awards Settlement Class Counsel attorneys' fees and expenses in the amount of $_____, and awards Plaintiffs $_____ each as service awards, with such attorneys' fees, expenses, and service awards to be paid from the Cash Settlement Amount pursuant to the terms of the Settlement. [To the extent this Order does not address Settlement Class Counsel's motion for attorneys' fees, expenses and service awards, such motion will be addressed in a separate order.]

22. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order and immediate entry by the Clerk of the Court.

Dated: _____ ___, 2021

_____
RACHEL P. KOVNER
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

# EXHIBIT C-1

Chase Escrow Interest Settlement
c/o [Settlement Administrator]
[PO Box XXXXX]
[Address]

PRE-SORTED
FIRST-CLASS
MAIL
AUTO
U.S. POSTAGE
PAID

**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

*A federal court authorized this notice. This is **not** a solicitation from a lawyer.*

**YOU ARE RECEIVING THIS NOTICE BECAUSE JPMORGAN CHASE BANK SERVICED AN ESCROW**
**ACCOUNT FOR YOUR MORTGAGE LOAN FOR PROPERTY IN CONNECTICUT, MARYLAND,**
**MINNESOTA, NEW YORK, RHODE ISLAND, OR WISCONSIN. YOU MAY BE ELIGIBLE FOR**
**PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**You do <u>not</u> need to take any action to receive a payment.**
**Read this notice and visit www.InterestOnEscrowSettlement.com for more information.**

**www.InterestOnEscrowSettlement.com**
**Questions?  Call [#########]**

*Para ver este aviso en español, visite*
*www.InterestOnEscrowSettlement.com*

Unique ID: <MAILER ID>
<IMB>
<Name>
<Address1>
<Address2>
<City>, <State> <Zip>
<Country>

**What is this notice about?** A proposed settlement has been reached in a class action lawsuit. The lawsuit claims that JPMorgan Chase Bank, N.A. ("Chase") did not pay interest on mortgage escrow balances as required by the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, and Wisconsin. Chase denies that it did anything wrong. The settlement, if approved, resolves the case and provides benefits to Settlement Class Members who do not exclude themselves from the Settlement Class.

**Who is included?** The "Settlement Class" consists of those persons identified in Chase's mortgage servicing records as holding a mortgage loan serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period (defined in the Settlement Agreement), would have been due interest on an escrow account maintained by Chase under the law of the state in which the property was located but were not paid such interest. The settlement agreement, available at www.InterestonEscrowSettlement.com, contains the full Settlement Class definition. If you received this notice by mail, Chase's records indicate that you are a Settlement Class Member.

**What can I get?** Under the proposed settlement, Chase will pay $11.5 million into a settlement fund, which will cover settlement payments for Settlement Class Members, attorneys' fees and expenses, administrative costs and any Plaintiffs service awards. If the settlement is approved and becomes final, each Settlement Class Member will receive a settlement payment from that fund. The average settlement payment amount is currently anticipated to be approximately $24.00, but your payment may be higher or lower depending on the balance(s) in your mortgage escrow account. Specifically, each Settlement Class Member will get a minimum payment of $5.00, plus a portion of the remaining settlement payment funds in amounts proportionate to the alleged amount of unpaid interest owed on their mortgage escrow account balances. Chase will also pay interest on escrow accounts of Settlement Class Members under the law of the state in which the property was located going forward for 3 years unless there is a controlling legal determination it does not have to.

**You do <u>not</u> need to file a claim or take any other action to receive a settlement payment. If the settlement is approved and becomes final, payments will be sent by check.**

**What are my options?** (1) You can do nothing, and receive a payment and other benefits if the settlement becomes final; or (2) You can exclude yourself, receive no payment or other benefits under this settlement, and retain any right you have to sue Chase about the issues in this lawsuit. To exclu

yourself, you must mail a signed, written request for exclusion, postmarked no later than **[DATE]**, to **[SETTLEMENT ADMINISTRATOR ADDRESS]**. If you do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit. If you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses and service awards to the Plaintiffs who brought this case on behalf of the Settlement Class. To object, you must submit a signed, written objection to the Court and the Settlement Administrator by no later than **[DATE]** and your objection must include the information described at www.InterestOnEscrowSettlement.com. For more information, visit www.InterestOnEscrowSettlement.com.

**What happens next?** The Court will hold a hearing on **[DATE, TIME]**, at the United States District Court for the Eastern District of New York, Courtroom 4E-N, 225 Cadman Plaza East, Brooklyn, NY 11201, to decide whether to approve the settlement, how much attorneys' fees and expenses to award to the attorneys who worked representing the Settlement Class (up to one-third of the $11.5 million settlement fund), and whether to award service awards of up to $10,000 to each of the plaintiffs who brought this case on behalf of the Settlement Class. You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change, and/or the Court may order that the hearing be held telephonically or by videoconference, without further notice. Please check www.InterestOnEscrowSettlement.com for updates.

**Who represents me?** The Court has appointed the law firms of Tusa P.C.; Lieff Cabraser Heimann & Bernstein LLP; and Giskan Solotaroff & Anderson LLP to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. You do not need to pay these lawyers out of your pocket; instead these lawyers will apply for compensation out of the settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to view copies of case documents, including a detailed long-form notice, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's attorneys' fees and service awards motion (once it is filed), visit www.InterestOnEscrowSettlement.com, call [########], or contact Settlement Class Counsel at [########]. **PLEASE DO NOT CONTACT THE COURT**

# EXHIBIT C-2

# LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

*A federal court authorized this notice. This is **not** a solicitation from a lawyer. You are not being sued.*

**YOU ARE RECEIVING THIS NOTICE BECAUSE JPMORGAN CHASE BANK SERVICED AN ESCROW ACCOUNT FOR YOUR MORTGAGE LOAN FOR A RESIDENCE IN CONNECTICUT, MARYLAND, MINNESOTA, NEW YORK, RHODE ISLAND, OR WISCONSIN. YOU MAY BE ELIGIBLE FOR PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**You do <u>not</u> need to take any action to receive a payment. Read this notice and visit www.InterestOnEscrowSettlement.com or call [######] for more information.**

*Para ver este aviso en español, visite www.InterestOnEscrowSettlement.com*

**What is this notice about?**  A proposed settlement has been reached in a class action lawsuit. The lawsuit claims that JPMorgan Chase Bank, N.A. ("Chase") did not pay interest on mortgage escrow balances as required by the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, and Wisconsin. Chase denies that it did anything wrong. The settlement, if approved, resolves the case and provides benefits to Settlement Class Members who do not exclude themselves from the Settlement Class.

**Who is included?**  The "Settlement Class" consists of those persons identified in Chase's mortgage-servicing records as holding a mortgage loan serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period (defined in the Settlement Agreement), would have

been due interest on an escrow account maintained by Chase under the law of the state in which the property was located but were not paid such interest. The settlement agreement, available at www.InterestOnEscrowSettlement.com, contains the full Settlement Class definition. If you received this notice by email, Chase's records indicate that you are a Settlement Class Member.

**What can I get?**  Under the proposed settlement, Chase will pay $11.5 million into a settlement fund, which will cover settlement payments for Settlement Class Members, attorneys' fees and expenses, administrative costs and any Plaintiffs service awards. If the settlement is approved and becomes final, each Settlement Class Member will receive a settlement payment from that fund.  The average settlement payment amount is currently anticipated to be approximately $24.00, but your payment may be higher or lower depending on the balance(s) in your mortgage escrow account.  Specifically, each Settlement Class Member will get a minimum payment of $5.00, plus a portion of the remaining settlement payment funds in amounts proportionate to the alleged amount of unpaid interest owed on their mortgage escrow account balances. Chase will also pay interest on escrow accounts of Settlement Class Members under the law of the state in which the property was located going forward for 3 years unless there is a controlling legal determination it does not have to.

**You do <u>not</u> need to file a claim or take any other action to receive a settlement payment. If the settlement is approved and becomes final, payments will be sent by check.**

**What are my options?** (1) You can do nothing, and receive a payment and other benefits if the settlement becomes final; or (2) You can exclude yourself, receive no payment or other benefits under this settlement, and retain any right you have to sue Chase about the issues in this lawsuit. To exclude yourself, you must mail a signed, written request for exclusion, postmarked no later than **[DATE]**, to: **[SETTLEMENT ADMINISTRATOR ADDRESS]**. If you do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit. If you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses and service awards to the Plaintiffs who

brought this case on behalf of the Settlement Class. To object, you must submit a signed, written objection to the Court and the Settlement Administrator by no later than **[DATE]** and your objection must include the information described at www.InterestOnEscrowSettlement.com. For more information, visit www.InterestOnEscrowSettlement.com.

**What happens next?** The Court will hold a hearing on **[DATE, TIME]**, at the United States District Court for the Eastern District of New York, Courtroom 4E-N, 225 Cadman Plaza East, Brooklyn, NY, 11201, to decide whether to approve the settlement, how much attorneys' fees and expenses to award the attorneys who worked representing the Settlement Class (up to one-third of the $11.5 million settlement fund), and whether to award service awards of up to $10,000 to each of the plaintiffs who brought this case on behalf of the Settlement Class. You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change, and/or the Court may order that the hearing be held telephonically or by videoconference, without further notice. Please check www.InterestOnEscrowSettlement.com for updates.

**Who represents me?** The Court has appointed the law firms of Tusa P.C.; Lieff Cabraser Heimann & Bernstein LLP; and Giskan Solotaroff & Anderson LLP to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. You do not need to pay these lawyers out of your pocket; instead these lawyers will apply for compensation out of the settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to view copies of case documents including a detailed long-form notice, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's attorneys' fees and service awards motion (once it is filed), visit www.InterestOnEscrowSettlement.com, call [########], or contact Settlement Class Counsel at [########].

## PLEASE DO NOT CONTACT THE COURT

# EXHIBIT D

United States District Court for the Eastern District of New York

# Notice of Proposed Class Action Settlement

**A federal court authorized this notice. This is not a solicitation from a lawyer.
You are not being sued. Please do not contact the Court.**

| 1. | **Background & Introduction** |
|----|-------------------------------|

- A settlement has been proposed to end a class action lawsuit against JPMorgan Chase Bank, N.A. ("Chase"), known as *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.). The lawsuit claims that Chase did not pay interest on certain mortgage escrow balances in accordance with the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, and Wisconsin. Chase denies that it did anything wrong.

- The parties in this lawsuit have agreed to a settlement to resolve this lawsuit on a class action basis. As described further below, if the settlement is approved by the Court, Chase will pay $11.5 million, and will pay interest on escrow accounts of Settlement Class Members under the law of the state in which the property was located going forward for three years unless there is a controlling legal determination it does not have to do so. **If the Settlement is approved and becomes final, you will be issued a payment and your rights will be affected if you are a member of the Settlement Class as set forth below and you do not exclude yourself from the Settlement Class.**

- Read below, visit www.InterestOnEscrowSettlement.com, or call [#########] for more information.

| **Your Legal Rights and Options in this Lawsuit** | |
|---|---|
| **Option 1:**<br>**Do nothing, receive payment, give up right to sue** | If you do nothing and the settlement becomes final, you will be issued a settlement payment and receive the other settlement benefits if you are a Settlement Class Member, and you will give up your right to bring your own lawsuit about the issues in this lawsuit. See Questions 6-8, 11 for details. |
| **Option 2:**<br>**Opt out, receive no payment, retain right to sue** | If you exclude yourself from the Settlement Class (also called "opting out"), you will give up your right to receive a settlement payment and other settlement benefits, but will not release any claims and will retain any rights you may have to bring your own lawsuit about the issues in this lawsuit. See Question 12 for more information. The deadline to exclude yourself is **[DATE]**. |
| **Option 3:**<br>**Object or Comment** | If you do not exclude yourself from the Settlement Class, you may object to, or comment on, the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses, and service awards to the plaintiffs who brought this lawsuit on behalf of the Settlement class. See Question 13 for more |

- 1 -

| | information. The deadline for submitting objections or comments is **[DATE].** |
|---|---|

# What this Notice Contains

**Basic Information**..................................................................................................... **Page**

    1.  What is this lawsuit about?
    2.  Why is this class action?

**Information about the Settlement** ........................................................................ **Page**

    3.  Who is in the Settlement Class?
    4.  What is the Class Period?
    5.  What are the terms of the proposed settlement?
    6.  What are the benefits of the proposed settlement?
    7.  How will settlement payments be determined and sent?
    8.  Will I receive interest going forward if my mortgage escrow account is still active?

**Your Rights and Options** ...................................................................................... **Page**

    9.  What are my options?
    10.  How do I stay in the Settlement Class?
    11.  What happens if I do nothing?
    12.  How do I exclude myself from the Settlement Class?
    13.  How do I object or comment?
    14.  What claims will be released by this Settlement?

**The Lawyers Representing You** ........................................................................... **Page**

    15.  Do I have a lawyer in this class action?
    16.  How will the lawyers be paid?
    17.  Should I hire my own lawyer for this case?

**The Court's Final Approval Hearing**.................................................................. **Page**

    18.  When and where will the Court decide whether to approve the settlement?
    19.  Do I have to come to the hearing?
    20.  May I speak at the hearing?

**Getting More Information** ................................................................................... **Page**

    21.  Where can I get more information?

# Basic information about the class action

**1.     What is this lawsuit about?**

      The lawsuit concerns certain mortgages for properties in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin serviced by Chase. Some customers for these mortgages paid money in advance to be held by Chase in escrow accounts for purposes relating to the property, such as the payment of property taxes or homeowners' insurance. The lawsuit alleges that Chase did not pay interest on certain mortgage escrow account balances in

accordance with state law in the 6 states identified above.

Plaintiffs Rachel Cymbalista and Ariel Cymbalista filed a class action lawsuit against Chase about these issues. The complaint in this case is available at www.InterestOnEscrowSettlement.com.  Chase denies that it did anything wrong.

Plaintiffs and Chase have now agreed to a settlement to resolve this lawsuit, as described below. The Court has not decided whether Plaintiffs or Chase are correct. By agreeing to the settlement, neither Chase nor Plaintiffs make any admissions regarding the merits of the allegations, claims, or defenses in this case.

The United States District Court for the Eastern District of New York is overseeing this class action lawsuit. The lawsuit is known as *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.).

| 2. | **Why is this a class action?** |

In a class action, one or more people sue on behalf of themselves and other people with similar claims. All of these people together make up the Settlement Class and are Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

# Information about the Settlement

| 3. | **Who is in the Settlement Class?** |

The "Settlement Class" is defined as:

All persons identified in Chase's mortgage-servicing records as holding a mortgage loan Serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period, would have been due interest on an escrow account maintained by Chase under the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin, but were not paid such interest.  Excluded from the Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Chase has or had a controlling interest.  Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her immediate family.  Not included in the Settlement Class are persons having the following types of loans excluded by the applicable laws in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin:

   a.  In Connecticut, loans securing non-owner-occupied properties.

   b.  In Maryland, loans that are not the first mortgage on the property.

   c.  In Minnesota, (i) loans originated after July 1, 1996; (ii) loans securing non-owner-occupied properties; (iii) loans where the original loan amount is above 80% of the original appraised value of the property; and (iv) loans insured or guaranteed by the Department of Veterans Affairs or the Federal Housing Administration.

- 3 -

d.   In New York, (i) loans securing non-owner-occupied properties and (ii) loans originated before July 1, 1974.

e.   In Rhode Island, (i) loans securing non-owner-occupied properties; and (ii) loans insured by the Federal Housing Administration or the Department of Veterans' Affairs.

f.   In Wisconsin, (i) loans securing non-owner-occupied properties; (ii) loans insured by Federal Housing Administration or the Department of Veterans Affairs; and (iii) loans originated after January 1, 2019.

If you received a notice of this settlement in the mail or by email, Chase's records indicate that you are in the Settlement Class.

People in the Settlement Class are called "Settlement Class Members."

The final Settlement Class will consist of all persons within the Settlement Class definition except for those individuals who submit timely and valid requests for exclusion by the deadline set by the Court. (See Question 12).

**4.      What is the Class Period?**

The "Class Period" means:

- For Settlement Class Members whose mortgage loan is or was secured by property in <u>Rhode Island</u>:  January 1, 2010 through April 9, 2021

- For Settlement Class Members whose mortgage loan is or was secured by property in <u>Connecticut, Minnesota, New York, or Wisconsin</u>:  January 1, 2014 through April 9, 2021.

- For Settlement Class Members whose mortgage loan is or was secured by property in <u>Maryland</u>:  January 1, 2017 through April 9, 2021

**5.      What are the terms of the proposed settlement?**

The complete terms of the proposed settlement are set forth in the Settlement Agreement, which is available at www.InterestOnEscrowSettlement.com. This notice provides only a summary of the terms of the settlement. The settlement benefits and obligations are summarized below.

**6.      What are the benefits of the proposed settlement?**

If the settlement is approved and becomes final, Chase will pay eleven million, five-hundred thousand dollars ($11,500,000.00) into a settlement fund. This money will be used to: (1) make settlement payments to Settlement Class Members, as described at Question 7; (2) pay the costs of distributing notice and settlement payment checks to Settlement Class Members and other costs of administering the settlement; and (3) pay court-awarded attorneys' fees and litigation expenses of the attorneys appointed by the Court to represent the Class ("Settlement Class Counsel") and any service awards granted to the Plaintiffs.

- 4 -

**You do _not_ need to file a claim or take any other action to receive a settlement payment.**

In addition to the settlement payments, if the settlement is approved and becomes final, going forward Chase will pay interest on escrow accounts of Settlement Class Members under the law of the state in which the property was located for three years unless there is a controlling legal determination that it does not have to do so.  (See Question 8)

**7.      How will settlement payments be determined and sent?**

If the settlement is approved and becomes final, Settlement Class Members who do not exclude themselves from the Settlement Class will be issued a settlement payment.  Settlement Class Members' payment amounts will be based on the amount of unpaid interest for their mortgage escrow account balances during the Class Period (See Question 4).  Specifically, each Settlement Class Member will get a minimum payment of $5.00 plus a portion of the remaining settlement payment funds in amounts proportionate to the alleged unpaid escrow interest for their loan.  In all, the average settlement payment amount is currently anticipated to be approximately $24.00, but your payment may be higher or lower depending on the balance(s) in your mortgage escrow account.  The unpaid interest owed and the settlement payment amounts will be calculated based on Chase's records by an expert appointed by the Court.

**You do _not_ need to file a claim or take any other action to receive a settlement payment. If the settlement is approved and becomes final, settlement payments will be sent by check.**

For any settlement payment checks that are uncashed or deemed undeliverable by the Settlement Administrator, the funds will be distributed by one or both of the following means: (1) a _pro rata_ second distribution to those Settlement Class Members who cashed/deposited their initial settlement payment checks (if there are sufficient residual funds to justify the administrative costs of such distribution); and/or (2) distribution to [to be identified].

**8.      Will I receive interest going forward if my mortgage escrow account is still active?**

In addition to the settlement payments, if the settlement is approved and becomes final, Chase will pay interest on the escrow accounts of Settlement Class Members under the law of the applicable state for three years, except that Chase will not be required by the Settlement to pay the interest in any state if an appellate court of that state, the federal Court of Appeals encompassing that state, or the U.S. Supreme Court issues a decision establishing that federal banking law preempts state interest-on-escrow requirements.

# Your Rights and Options

**9.      What are my options?**

You do not need to do anything in order to receive the benefits of the settlement. If you are a Settlement Class Member and do nothing and the settlement is approved and becomes final, you will be issued a settlement payment as described in Question 7 and receive the other settlement benefits, and in exchange you will give up your right to bring your own lawsuit against Chase about the issues in this lawsuit.

You may exclude yourself from the Settlement Class (sometimes referred to as "opting out") by following the steps described in Question 12. If you exclude yourself, you will give up your right to receive a settlement payment and other settlement benefits but will retain any right you may have to sue Chase about the issues in this lawsuit.

If you do not exclude yourself, you may object to or comment on the settlement and/or to Settlement Class Counsel's request for attorneys' fees, litigation expenses, and service awards (see Question 13). You do not need to object or comment in order to receive a settlement payment or other settlement benefits.

**10.     How do I stay in the Settlement Class?**

You do not need to do anything to stay in the Settlement Class. If you are within the Settlement Class definition and you do not exclude yourself, you will remain in the Settlement Class and, if the settlement becomes final, you will be issued a settlement payment and receive other settlement benefits.

**11.     What happens if I do nothing?**

If you are in the Settlement Class and you do nothing, you will stay in the Settlement Class. If the settlement is approved and becomes final, you will be issued a settlement payment and receive other settlement benefits and you will not be able to sue Chase about the issues in this lawsuit. You will also be legally bound by all of the orders that the Court issues and judgments the Court makes in this class action.

**12.     How do I exclude myself from the Settlement Class?**

To exclude yourself from the Settlement Class, you must mail a written request for exclusion to:

[SETTLEMENT ADMINISTRATOR MAILING ADDRESS]

To be effective, your request for exclusion must be **postmarked no later than [DATE]**, and must include the following information:

(a) your full name, telephone number, and mailing address;
(b) a statement that you wish to be excluded from the Settlement Class in *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.); and
(c) your signature and the date.

**13.     How do I object or comment?**

If you are a Settlement Class Member, and have not excluded yourself from the Settlement Class, you can comment on or object to the settlement, Settlement Class Counsel's request for attorneys' fees and litigation expenses, and/or the request for service awards for the Plaintiffs. To object or comment, you must send a written objection/comment including the following:

- 6 -

(a) the name and case number of this lawsuit: *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 2:20-cv-00456-RPK-LB (E.D.N.Y.);

(b) your full name, mailing address, email address, and telephone number;

(c) an explanation of why you claim to be a Settlement Class Member;

(d) an explanation of the basis for your objection, including all grounds for the objection and any legal support;

(e) the identity of any attorney representing you in this matter, or any attorney who may be entitled to compensation for any reason related to the objection;

(f) a statement about whether or not you intend to appear at the Final Approval Hearing, and if so, the identify of all counsel representing you who will appear at the Final Approval Hearing (who must enter a written Notice of Appearance of Counsel with the Clerk of the Court)

(g) a list of all other class action settlements to which you or your attorney has previously filed an objection;

(h) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

(i) your signature (your attorney's signature is not sufficient);

To be considered by the Court, your comment or objection must be filed or mailed to the Clerk of Court, with copies Chase's counsel, and Settlement Class Counsel, **filed/postmarked no later than [DATE]**, at the following addresses:

| THE COURT |
|---|
| Clerk of the Court<br>USDC for the Eastern District of New York<br>225 Cadman Plaza East<br>Courtroom 4E-N<br>Brooklyn, NY, 11201 |
| **CHASE'S COUNSEL** |
| Alan E. Schoenfeld<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 |
| **SETTLEMENT CLASS COUNSEL** |
| Joseph S. Tusa<br>Tusa P.C.<br>P.O. Box 566<br>55000 Main Road<br>Southhold, NY 11971<br><br>Roger Heller<br>Lieff Cabraser Heimann & Bernstein LLP<br>275 Battery Street 29th Floor<br>San Francisco, CA 94111 |

Oren Giskan
Giskan Solotaroff & Anderson LLP
90 Broad Street
10th Floor
New York, NY 10004

You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

| **14.** | **What claims will be released by this Settlement?** |
|---|---|

If you are in the Settlement Class definition and do not exclude yourself from the Settlement Class, and the settlement is approved and becomes final, the settlement will be legally binding on you. In exchange for the settlement benefits, you will release all claims against Chase and its affiliates about the issues in this Lawsuit regarding Chase's alleged failure to pay interest on funds held in mortgage escrow accounts for property located in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin. You also covenant and agree that you will not take any step whatsoever to commence, institute, continue, pursue, maintain, or prosecute any claims about the issues in this Lawsuit against Chase and its affiliates. The Settlement Agreement, available at www.InterestOnEscrowSettlement.com, describes the claims you are releasing (giving up) by staying in the Settlement Class (called "Released Claims").

# The Lawyers Representing You

| **15.** | **Do I have a lawyer in this class action?** |
|---|---|

Yes. The Court has appointed the following attorneys and law firms to represent the Settlement Class Members. Together, these lawyers are called "Settlement Class Counsel":

Joseph S. Tusa
Tusa P.C.
P.O. Box 566
55000 Main Road
Southhold, NY 11971

Roger Heller
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street 29th Floor
San Francisco, CA 94111

Oren Giskan
Giskan Solotaroff & Anderson LLP
90 Broad Street
10th Floor
New York, NY 10004

You do not have to pay Settlement Class Counsel for their time or expenses incurred in this case out of your pocket. Instead, Settlement Class Counsel will petition the Court for an

award of their fees and expenses; any amount awarded will be paid from the Settlement Fund.

The Court has also appointed Plaintiffs Rachel Cymbalista and Ariel Cymbalista as class representatives to represent the Settlement Class.

**16.    How will the lawyers be paid?**

Settlement Class Counsel (see Question 15) will file a motion on or before [DATE] asking the Court to award them attorneys' fees and reimbursement of litigation expenses up to one-third of the $11.5 million settlement fund. The attorneys' fees and expenses awarded by the Court will be the only payment to Settlement Class Counsel for their efforts in achieving the settlement and for their risk in undertaking this representation on a wholly contingent basis. In addition, Settlement Class Counsel will ask the Court on or before [DATE] to award the Plaintiffs representing the Settlement Class service award of $10,000 each to compensate them for their efforts and commitment on behalf of the Settlement Class in this lawsuit.

The Court will determine the amount of attorneys' fees, expenses, and service award to award. Settlement Class Counsel's application for attorneys' fees, expenses, and service award will be available at www.InterestOnEscrowSettlement.com when it is filed.

**17.    Should I hire my own lawyer for this case?**

You do not need to hire your own lawyer because Settlement Class Counsel represents you and the other members of the Settlement Class already. However, you have the right to hire your own lawyer. If you want your own lawyer separate from Settlement Class Counsel, you will have to pay that lawyer.

# The Court's Final Approval Hearing

**18.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at __:__ a.m. on _____, in the United States District Court for the Eastern District of New York, Courtroom 4E-N, 225 Cadman Plaza East, Brooklyn, NY, 11201. The hearing may be moved to a different date or time, or the Court may order that the hearing be held telephonically or by videoconference, without additional notice. Please check www.InterestOnEscrowSettlement.com for updates or changes.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. The Court will also consider Settlement Class Counsel's application for attorneys' fees, expenses, and service awards. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**19.      Do I have to come to the hearing?**

No, you do not.  Settlement Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. So long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**20.      May I speak at the hearing?**

If you are Settlement Class Member and have not opted out of the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# Getting more information

**21.      I get more information?**

More information can be found at www.InterestOnEscrowSettlement.com. That website includes important case deadlines, links to case documents including the full settlement agreement and the complaint in this lawsuit, and other information about the lawsuit and the settlement. You can also get more information by calling [######], or by calling Settlement Class Counsel at [#####].

**PLEASE DO NOT CONTACT THE COURT**

- 10 -