UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL CYMBALISTA and ARIEL CYMBALISTA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | **ORDER**<br>20-cv-456 (RPK)(LB) |

**ORDER AND FINAL JUDGMENT**
**GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

1. This matter came before the Court for hearing on March 17, 2022, pursuant to:

 (a). This Court's Preliminary Approval Order, Dtk. 51 (*Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-cv-456 (RPK)(LB), 2021 U.S. Dist. LEXIS 99093 (E.D.N.Y. May 25, 2021)) *adopted by Order Adopting Report and Recommendation* (E.D.N.Y. Nov. 22, 2021) (Kovner, J.);

 (b). This Court's December 2, 2021 *Order* setting the Final Approval Hearing;

 (c). Plaintiffs' motion for final approval (the "Final Approval Motion") of the class *Settlement Agreement and Release*, dated April 9, 2021 entered into by the Parties (the "Settlement" or "Settlement Agreement," Dkt. 50-3);

 (d). Plaintiffs' and Settlement Class Counsel's motion for an award of attorneys' fees and expenses and for Plaintiffs' service awards (the "Fee Motion," Dkt. 57); and

 (e). The Parties stipulation and agreement pursuant to 28 U.S.C. §636(c) consenting to final adjudications of the Final Approval and Fee Motions by this

Magistrate Judge, Dkts. 60, 61, which agreement and consent was approved by Judge Kovner on January 31, 2022. Dkt. 62.

Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order and *Order* dated December 2, 2021, and upon the parties' consent pursuant to 28 U.S.C. §636(c) for the Magistrate Judge to finally adjudicate the Final Approval Motion and Fee Motion, which consent has been endorsed and so-ordered by this Court (Dkt. 62), and upon consideration of all papers filed and proceedings had herein, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

2. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

4. The "Settlement Class" for purposes of this Final Approval Order means:

All persons identified in Chase's mortgage-servicing records as holding a mortgage loan Serviced by Chase that was secured by real property in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin who, during the Class Period, would have been due interest on an escrow account maintained by Chase under the laws of Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin, but were not paid such interest. Excluded from the Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Chase has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her immediate family. Not included in the Settlement Class are persons having the following types of loans excluded by the applicable laws in Connecticut, Maryland, Minnesota, New York, Rhode Island, or Wisconsin, as follows:

    a. In Connecticut, loans securing non-owner-occupied properties.

    b. In Maryland, loans that are not the first mortgage on the property.

    c. In Minnesota, (i) loans originated after July 1, 1996; (ii) loans securing non-owner-occupied properties; (iii) loans where the original loan amount is above 80% of the original appraised value of the property; and (iv) loans insured or guaranteed by the Department of Veterans Affairs or the Federal Housing Administration.

    d. In New York, (i) loans securing non-owner-occupied properties and (ii) loans originated before July 1, 1974.

    e. In Rhode Island, (i) loans securing non-owner-occupied properties; and (ii) loans insured by the Federal Housing Administration or the Department of Veterans' Affairs.

    f. In Wisconsin, (i) loans securing non-owner-occupied properties; (ii) loans insured by Federal Housing Administration or the Department of Veterans Affairs; and (iii) loans originated after January 1, 2019.

5. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

6. The Court finds that the Notice Program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Administrator and the Parties. The Court finds that such Notice Program, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and

(e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

7. The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. All persons who submitted timely and valid requests for exclusion shall not be deemed Participating Settlement Class Members and are not bound by this Final Approval Order. A list of those persons who submitted timely and valid requests for exclusion is attached hereto as **Exhibit 1**. All other persons who fall within the definition of the Settlement Class are Participating Settlement Class Members and part of the Settlement Class and shall be bound by this Final Approval Order and the Settlement Agreement.

8. The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

9. The Court finds that, for settlement purposes, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)   namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

10. The Court reaffirms its appointment of Plaintiffs Rachel Cymbalista and Ariel Cymbalista as Class Representatives to represent the Settlement Class and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

11. The Court finds that the Settlement Agreement warrants final approval pursuant to Rule 23(e)(2) because, the Court finds the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class and will continue to do so through Settlement implementation. Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations among counsel for the Parties, assisted by an experienced mediator, Hon. Elizabeth D. Laporte (Ret.), and comes after a detailed and informed investigation and analysis by counsel for the Parties. Third, the Court finds that the relief proposed to be provided for the Settlement Class  (a) a non-reversionary settlement fund of $11.5 million, which Plaintiffs and Settlement Class Counsel estimate represents approximately 53% of the alleged class damages during the Class Periods; and (b) three years of prospective escrow interest payments to Settlement Class Members with active accounts under the applicable State's laws (unless the U.S. Court of Appeals encompassing that State(s) or the U.S. Supreme Court issues a decision establishing that federal banking law preempts state interest-on-escrow requirements),  is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (*i.e.*, direct payments by mailed checks, with no claim required). Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other. Under the terms of the Settlement Agreement, all Settlement Class Members will be sent a settlement payment, which

will be based on the unpaid escrow interest each of them is allegedly owed. Specifically, each Settlement Class Member will receive a minimum payment of $5.00, plus a portion of remaining Settlement payment funds (after payment of attorney's fees and costs, service awards, and notice and settlement administration costs) in amounts proportionate to the alleged unpaid escrow interest for their loan.

12.     The Court also finds that the Settlement Agreement is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of the defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

13.     The Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class. The Parties, Administrator, and Calculation Advisor are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members and other disbursements from the Cash Settlement Amount as provided by the Settlement Agreement, and Chase's payment of the prospective escrow interest payments in accordance with the Settlement Agreement.

14. The Action is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, in this Final Approval Order, and in any order(s) by this Court regarding Settlement Class Counsel's motion for attorneys' fees, expenses, and service awards.

15. In consideration of the benefits provided under the Settlement Agreement, Plaintiffs and each of the Participating Settlement Class Members shall, by operation of this Final Approval Order, have forever released all Released Claims against all Released Parties in accordance with Section XVI of the Settlement Agreement, the terms of which section are incorporated herein by reference. The terms of the Settlement Agreement, which are incorporated by reference into this Final Approval Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

16. All Participating Settlement Class Members have covenanted not to sue any Released Party with respect to any Released Claim, and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Final Approval Order, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Approval Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

17. This Final Approval Order is the final, appealable judgment in the Action as to all Released Claims.

18. Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for attorneys' fees, expenses, and service award; (c) distribution of the Cash Settlement Amount, Settlement Class Counsel attorneys' fees and expenses, and Plaintiffs' service awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

19. In the event that the Settlement Agreement Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Chase.

20. This Final Approval Order, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Chase or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Chase or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

21. The Court awards Settlement Class Counsel attorneys' fees and the reimbursement of reasonable expenses in the total amount of $[3,833,333.33] comprising 33.3% of the non-reversionary $11,500,000.00 Cash Settlement Amount paid by Defendant. The Court further notes that Settlement Class Counsel's award of fees and reimbursement of expenses represents approximately 20% of the total value of the Settlement, as estimated by Settlement Class Counsel based on Chase's future IOE payments obligated by the Settlement Agreement. The Court awards Plaintiffs $[10,000.00] each as service awards. All attorneys' fees, expenses, and service awards to be paid from the Cash Settlement Amount pursuant to the terms of the Settlement.

22. Pursuant to FED. R. CIV. P. 54, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order and immediate entry by the Clerk of the Court.

Dated: _____March 17, 2022

/S/Magistrate Judge Lois Bloom
_____
LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

### LIST OF SETTLEMENT CLASS MEMBERS THAT REQUSTED EXCLUSION FROM THE SETTLEMENT AND RELEASE

1. Jeffrey A. West

2. Cynthia Crisp

3. Robert L. Arleo, Jr.

4. Marilyn Daniels

5. Garry Weathers

6. Sheri A. Speer

7. Elizabeth M. Lawrence

8. Elias Khreish

9. Behnam Ashjari and Shahed Ashjari n/k/a Shahed Alapour

10. Arlene M. Baxter

11. Roger A. Horton, Jr.